Methery v. Walker.

for the reversal of the judgment, and it is ordered that the same be affirmed.

Judgment affirmed.

ALFRED D. METHERY v. JAMES C. WALKER.

A vacant lot, separated by a street from the residence of the defendant in execution; wholly unimproved; had never been used, nor any facts from which it could be presumed that it was intended to be used as a part of the homestead; held not to be any part of the homestead, protected from forced sale.

Appeal from Freestone. Tried below before the Hon. Henry J. Jewett.

A jury was waived and the case submitted to the Court. All the facts are stated in the Opinion, except that the debt was contracted since the present Constitution of the State took effect.

*J. A. Poag*, for appellant, argued, that under the Constitution, all the lots which the defendant in execution might own in the town where he resided, not to exceed two thousand dollars in value, were exempt from forced sale, for the purposes of a homestead.

*J. C. Walker*, for appellee.

LIPSCOMB, J. This suit was an injunction to enjoin the sale of a town lot in the town of Fairfield, claimed by appellant as

a part of his homestead protected from forced sale. There was judgment against the claim, a motion for a new trial overruled, and an appeal to this Court. The lot levied on was a vacant lot, separated by a street from the residence of the defendant in execution, and its value, together with the lot on which the defendant in the execution resided, does not exceed in value two thousand dollars. It was wholly unimproved, and had never been used, nor were there any facts from which it could be presumed that it was ever intended to be used as a part of the homestead. We find nothing to associate or connect it with family uses, and the presumption is that it never was so designed. We must therefore affirm the judgment.

Judgment affirmed.