J. C. AND JULIA A. SIMONTON v. N. MAYBLUM AND WIFE.

(Case No. 1307.)

1. EVIDENCE.— When the pleadings of both parties recognized the fact of bankruptcy and the existence of a deed from the assignee in bankruptcy, the deed was properly read in evidence without showing a conveyance to the assignee, or an order of sale or confirmation of sale.

2. SAME.— Such a deed, being a deed duly recorded and its execution admitted, was admissible under a plea of the statute of limitation of five years without showing power in the assignee to execute it.

3. LIMITATION — HOMESTEAD. — The statute of limitations will run as well in favor of one who claims adverse possession of land that is claimed to be a homestead for the husband and wife, as it would irrespective of the question of homestead. Whetstone v. Coffey, 48 Tex., 269, referred to as not containing a contrary doctrine.

APPEAL from Fort Bend.   Tried below before the Hon. W. H. Burkhart.

Suit by J. C. Simonton and his wife to recover one hundred and forty acres of land, part of one thousand one hundred and seven acres, out of the Westall league.   They claimed that in 1868 defendants' ancestor purchased from the assignee in bankruptcy of J. C. Simonton the one thousand one hundred and seven acres, leaving only sixty acres as his homestead, and they claimed the other one hundred and forty acres as homestead; that plaintiffs were then, and at the time of suing, husband and wife.   The defense relied on was plea of not guilty, and specially that in 1868 Simonton, being adjudged a bankrupt, claimed the one hundred and forty acres of land as part of his homestead; that his claim was disallowed and the disallowance was approved by the district court of the United States for the eastern district of Texas, having jurisdiction; that the one thousand one hundred and seven acres were ordered to be sold, and were sold, to pay the bankrupt's debts, to defendants' ancestor, to whom conveyance was made by the assignee.   Judgment for defendants.

The conclusions of fact and law filed by the district judge trying the cause found the facts as stated by defendants.   In it he stated that the homestead of plaintiffs was about three miles from the land in controversy, and had been since 1856; that none of the one thousand one hundred and seven acres were ever used by plaintiff for homestead purposes; that defendants had been in actual, adverse and uninterrupted possession in good faith of the land, claiming and paying taxes thereon since January, 1869, and during that time had in good faith made valuable improvements, the making of which was known to defendants and not objected to, they asserting during the progress of improvements no claim of right.

The reading of the deed to the one thousand one hundred and seven acres of land by Pearson, assignee in bankruptcy of Simonton, was objected to because defendant failed to show any authority to Pearson or conveyance to him as assignee, and because no order of sale or confirmation of sale was shown.   Other facts were found not material to be stated.

P. E. Pearson, for appellants, cited in his proposition that defendants, not showing the original or copy of deed of assignment,

or accounting for it, should have produced the record showing the order of sale, return and approval of sale and payment of purchase money. U. S. Bankrupt Law, 1867, § 14; James on Bankruptcy, pp. 32–36; U. S. R. S., §§ 5044, 5045; 1 Greenl. on Evidence, §§ 266–269. 2. On homestead question: Const. of 1845, art. VII, § 22; Const. of 1866, art. VII, § 22; Const. of 1875, art. XVI, §§ 50, 51; Pasch. Dig., 6381; Iken & Co. v. Olenick, 42 Tex., 198, 199, 201, 202; Evans v. Womack, 48 Tex., 231, 232; 46 Tex., 483, 484; 51 Tex., 161, 162, 163; 33 Tex., 213; 26 Tex., 745 *et seq.;* 50 Tex., 273 *et seq.;* 56 Tex., 563; Maxwell v. Hilburn, Tyler term, 1882.

No briefs on file for appellees.

WEST, ASSOCIATE JUSTICE.— There was no error in allowing the deed of Simonton's assignee in bankruptcy to be read in evidence. The pleadings of appellants recognize the fact of Simonton's bankruptcy and the existence of this deed. Also in the statement of facts it was expressly admitted the appellees claimed the land in suit by deed under Simonton's assignee in bankruptcy.

This instrument of evidence, too, being a deed duly recorded, was admissible in this case (its execution being proved or admitted), in support of the appellees' plea of the statute of limitation of five years, without showing power in the assignee to execute it.

For the same reason there was no material error in allowing the assignee of Simonton to testify as to the points on which he gave evidence.

These matters were already admitted as facts, and his testimony worked no prejudice to the rights of appellants.

We think also that the defense of limitation of five years was sustained by the evidence.

It is no answer to this defense to say, where the land in suit is community property, that because it is a homestead the statute of limitation will not run.

The statute runs as well in favor of one who holds adverse possession of land that is claimed by the plaintiff to be a homestead for himself and wife, as it does where it is claimed to be a mill or a store or a farm.

The case of Whetstone v. Coffey, 48 Tex., 269, to which reference has been made, contains no contrary doctrine.

There was no question of limitation in that case. Besides, in this case there was no replication of coverture filed in answer to the plea of limitation.

Apart from the successful interposition by appellees of the plea of limitation, we believe that the court, under the evidence, was justified in finding as it did, as a matter of fact, that the appellants failed to prove any homestead right to the one hundred and forty acres in suit. See cases cited below. Methery v. Walker, 17 Tex. 593. Under the facts the court was well justified in holding as it did, that the appellees showed a right and title to the *locus in quo*, superior to the claim of appellants. Franklin v. Coffee, 18 Tex., 415; H. & G. N. R. R. Co. v. Winter, 44 Tex., 605; Brooks v. Chatham, 57 Tex., 33.

The judgment is affirmed.

Affirmed.

[Opinion delivered February 20, 1883.]