## T. W. SMITH v. ANSONA J. UZZELL ET AL.

### (Case No. 1804.)

1. LIMITATION.— When the statutory bar of limitation is complete against the owner of land, it must be held complete against every one claiming through such person, whatever may be the character of the claim.

2. SAME — HOMESTEAD.— The courts cannot engraft upon the statute of limitation an exception which would prevent it from running against the head of a family in reference to property which is in legal effect the homestead. To do so would do violence to the settled rules of law, and limitation runs in such a case, there being nothing to exempt the homestead from its operation.

3. SAME.— When the statutory bar, as affecting the homestead property, is complete as against the husband and the children who inherited the fee from the deceased father, the surviving widow cannot enforce a homestead right which has no estate to support it.

APPEAL from Montgomery. Tried below before the Hon. James Masterson.

The case, in connection with the former report of it in 56 Tex., 319, will be understood from the opinion.

*John R. Peel* and *James R. Davis*, for appellant.

*W. W. Meachum*, for appellee, cited: R. S., art. 16, secs. 50, 51, 52, p. 31; 1 American Law Register (N. S.), pp. 712, 713, and authorities; North v. Shearn, 15 Tex., 176; Green v. Crow, 17 Tex., 184; Hair v. Wood, 58 Tex., 78; Cipperly v. Rhodes, 53 Ill., 346; Potts v. Davenport, 79 Ill., 455; Thompson on Homesteads, etc., sec. 272, p. 226; sec. 728, and authorities cited; Tyffe v. Beers, 18 Iowa, 27; Kitchell v. Burgwin, 21 Ill., 40; Tumlinson v. Swinberg, 22 Ark., 400.

STAYTON, ASSOCIATE JUSTICE.— This cause was before this court at a former term and is reported in 56 Tex., 315. As formerly presented, it was held that the evidence showed the land in controversy had been abandoned as homestead by Uzzell and family, and was therefore subject to the forced sale under execution through which the appellant claims.

On the last trial there was much evidence, not introduced on the former trial, tending to show that the removal of Uzzell and family from the land was not with intent to abandon the place as a home, and there was also additional evidence tending to show an abandonment.

The judge, who tried the cause without a jury, found from the evidence that there was no abandonment, and as the case was presented, the evidence being conflicting, we cannot say that his finding is not supported by sufficient evidence, and the judgment cannot be reversed on the ground that the finding is manifestly contrary to or without evidence.

It appears that the property in controversy was purchased by Peel, under whom the appellant holds, at a sale made under a judgment and execution against Uzzell; that he received a deed therefor December 3, 1872, which was recorded of the 5th of the same month in the county where the land is situated, and that since some time in January, 1873, the land has been continuously occupied by Peel and the appellant. Peel occupied the land until he sold it to appellant, May 12, 1880, and during the time of his occupancy paid the taxes on the land.

This suit was filed September 24, 1880, by the widow and two minor children of M. M. Uzzell, who died in October, 1878. The appellant, with other defenses, pleaded limitation of three and five years. The judge who tried the cause held that limitation would not run against the appellees.

The land was the separate property of M. M. Uzzell, and as against him the statute of limitations certainly ran from the time the adverse holding began, and, the possession being continuous, ran until his death, prior to which time the full period of five years elapsed.

If the legal title to the land did not pass by the sale under which Peel bought, it remained in M. M. Uzzell, and his wife and children had no estate whatever in the land. Such being true, we cannot see how the coverture of Mrs. Uzzell or the minority of the children can in any manner affect the question.

The minority of the children, under no possible conception of the case, could prevent the running of the statute against their father, in whom the estate vested, and from whom they claim by inheritance an estate divested before his death; unless we are to engraft an exception on the statute, of which it makes no mention, and of which the courts have heretofore been ignorant, an exception in substance this: " The statute of limitations shall not run against the head of a family nor any member thereof in reference to property which is in legal effect the homestead."

Such an exception would be at war with the settled rules of law, and cannot be entertained in the absence of a statute declaring its existence.

Nor do we see how the widow can invoke such a rule. The statutory bar is complete against those holding the fee in the land, and can it be possible that one who has no estate at all can have a higher right than the owner of the fee could have had he lived; that there is some vitality or magic influence in the fact that land was once the homestead, which gives to a claim of homestead, without an estate to support it, an exemption from the effect of the statute of limitation which the estate in fee does not enjoy, by which the mere claim of right to use as a homestead will be preserved, while adverse possession under the statute divests the only person from whom any estate or shadow of claim can be derived of the only estate upon which all others, or rights, must depend for an existence?

Such an interpretation of the statutes applicable to the subject would be at war with all the settled canons of construction.

It is a familiar rule that a remainderman will not be barred by adverse possession pending a particular estate, and the reasons for it are manifest; but the construction claimed in this case would reverse the rule and bar the fee out of which no particular estate has been carved, while it would leave untouched a claim to use based on an estate no longer existing.

When the statutory bar is complete against the owner of land it must be held complete against every one claiming through such person, whatever may be the character of the claim.

The statute exempts married women and minors from its operation in reference only to property in which they have some estate; but it does not withdraw from the operation of the statute the right or estate of any other person, to whatever use the property or estate of such other person may have been put while he owned it. Maybloom v. Simonton, Galveston term, 1883 (59 Tex., 7).

The homestead system has, unavoidably it seems, an unending series of complications and embarrassments growing out of the diversified uses, wants and business of a people, which tax the legislative and judicial mind so to adjust them as to meet and protect the homestead exemption in the spirit and letter in which the constitution gives it; but if we are to have engrafted on the system such principles as would be necessary to uphold the homestead claim in this case, this must be the work of the legislative department of the government, accomplished by engrafting on the statute an exception to the running of the statutes of limitation which has not hitherto been created.

We are of the opinion that the court below erred in holding that

the claim of the appellees was not barred by the statute, and the judgment will be reversed and here rendered, that the appellees take nothing by their action, that the appellant be quieted in his title to the land in controversy, and that he recover of the appellees the costs of this court and of the court below. It is accordingly so ordered.

REVERSED AND REMANDED.

[Opinion delivered February 27, 1884.]