## Sophia Kreisle v. T. M. Campbell, Receiver, et al.

### No. 866.—Decided January 9, 1896.

**1. Garnishment—Judgment.**
The court questions the proposition that the judgment debt in this case was not subject to garnishment because the judgment was not final. Defendant had obtained against the garnishee a judgment for damages for personal injuries caused by negligence, which judgment at the time of the service of the writ of garnishment was pending on appeal but was affirmed before the garnishment proceedings were tried. (P. 105.)

**2. Garnishment—Receiver.**
Funds in the hands of a receiver or other officer of a court and subject to the control of that court are not subject to the writ of garnishment. (P. 106.)

**3. Same—Same—Statute Construed.**
A proceeding by garnishment against a receiver to subject funds in his hands due a creditor, to a judgment against such creditor, is not a suit against the receiver under article 1483, Revised Statutes. It is ancillary to and part of the original suit of the plaintiff in garnishment against the judgment debtor whose claim against the railway company administered by the receiver was sought to be reached to satisfy the judgment. (P. 106.)

APPLICATION for writ of error to Court of Civil Appeals for Third District, in an appeal from Travis County.

Sophia Kreisle, having a judgment against Warner, recovered in District Court of Travis County, sued out from that county a writ of garnishment against Campbell, receiver of the I. & G. N. Ry. Co. On the trial the facts found by the court were that Warner obtained judgment against Campbell as receiver, which was pending on the latter's appeal when the writ was served, but was affirmed before the garnishment was tried. The trial court held the indebtedness not subject to the writ, and on appeal by plaintiff in garnishment this was affirmed by the Court of Civil Appeals, whereupon appellant obtained writ of error.

*West & Cochran*, for application.

BROWN, ASSOCIATE JUSTICE.—December the 14th, 1891, George P. Warner recovered judgment in the District Court of Travis County against T. M. Campbell, receiver of the International & Great Northern Railroad Company, for personal injuries received in the operation of the said road by said Campbell, who had been appointed receiver of that railroad company by the District Court of Smith County. Campbell appealed from the judgment of the District Court of Travis County in the case of Warner against him.

On January the 19th, 1892, Sophia Kreisle obtained judgment against George P. Warner in the District Court of Travis County, the same court that rendered the judgment against Campbell in favor of Warner, and on the 26th day of January, 1892, she sued out a writ of garnishment in the said cause of Kreisle against Warner, requiring said Campbell to answer what he was indebted to Warner. The writ of garnishment was served on Campbell on the first day of February, 1892. February 3, 1892, Warner transferred the judgment which he had obtained against Campbell, receiver, to Fiset & Miller and the First National Bank of Austin. Subsequently the judgment of Warner against Campbell was affirmed by the Court of Civil Appeals. In July, 1892, Campbell was discharged as receiver of the International & Great Northern Railroad Company, and the property turned over to the railroad company subject to all claims against the receiver. The railroad company was made party defendant in the garnishment proceedings.

Fiset & Miller and the First National Bank executed bond to Sophia Kreisle, as claimants of the judgment against the receiver Campbell, in favor of Warner

Upon trial of the garnishment proceedings in the District Court of Travis County, before the judge of the court, without a jury, the court entered judgment discharging the garnishee, and filed the following conclusions of law, based upon the agreed statement of facts:

"First. That the Receiver of the International & Great Northern Railway, having perfected an appeal from the judgment recovered by

Warner against him as such Receiver, before the institution of the gar-. nishment proceedings by Sophia Kreisle, the said judgment was not a final judgment pending in this court, and therefore was not subject to garnishment in this cause at that time, and nothing that happened after that time would give life to the proceedings of garnishment."

"2. That the receiver of the International & Great Northern Railway, against whom the judgment was obtained, being appointed by the District Court of Smith County and administering his trust in the said court, was not subject to garnishment in this court."

This judgment of the District Court was affirmed by the Court of Civil Appeals of the Third Supreme Judicial District upon substantially the first ground stated by the trial court. We are not prepared to approve the reason given by the Court of Civil Appeals for its judgment in this case, but the application must be refused upon the second ground stated by the trial court.

. Funds in the hands of a receiver or other officer of a court, and subject to the control of that court, are not subject to the writ of garnishment. Taylor v. Gillean, 23 Texas, 508; Pace v. Smith, 57 Texas, 557; Sweetzer, Pembroke & Co. v. Claflin & Co., 74 Texas, 667; Curtis v. Ford, 78 Texas, 262; Beach on Receivers, sec. 268.

Applicants admit this to be the general rule, but claim that they are entitled to maintain this proceeding under art. 1483 (1468), Rev. Stats., which is as follows: "When any property of any kind within the limits of this State has been placed by order of court in the hands of a receiver, who has taken charge of such property, such receiver may, in his official capacity, sue or be sued in any court of this State having jurisdiction of the cause of action, without first having obtained leave of the court appointing such receiver to bring said suit, and, if a judgment is recovered against said receiver, it shall be the duty of the court to order said judgment paid out of any funds in the hands of said receiver as such receiver."

The proceeding by garnishment against T. M. Campbell was not a suit against him within the meaning of the above article. It was ancillary to and a part of the suit of Sophia Kreisle against George P. Warner.. Kelly v. Gibbs, 84 Texas, 148.

It is true that, when the property was turned over to the railroad company by Campbell, the judgment in favor of Warner became a debt due from the railroad company to Warner; but at the time the writ of garnishment was issued and served upon Campbell the fund was not subject to garnishment, and before it became so subject, if it ever did, the judgment was transferred by Warner to Fiset & Miller and the First National Bank, which transfer took effect immediately upon its execution and filing as required by law.

For these reasons this application is refused.

*Application refused.*