DODSON et al. v. WARREN HARDWARE CO.

(Court of Civil Appeals of Texas. Amarillo. Dec. 6, 1913. On Motion for Rehearing, Jan. 3, 1914. Rehearing Denied Jan. 17, 1914.)

1. GARNISHMENT (§ 87*) — PROCEEDINGS TO PROCURE—AFFIDAVIT—"FIRM."

Where the affidavit and writ of garnishment described plaintiff as the W. company, a firm composed of persons named, it sufficiently appeared that plaintiff was a partnership and not a corporation, since a "firm" is a partnership.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 156–159, 163–166; Dec. Dig. § 87.*

For other definitions, see Words and Phrases, vol. 3, p. 2820.]

2. GARNISHMENT (§ 64*) — NATURE OF PROCEEDING—DOCKETING.

While garnishment proceedings should be docketed separately from the original suit, the fact that the clerk indorsed on the affidavit and writ the docket number of the original suit did not require that they should be quashed and was a mere irregularity not affecting the validity of the judgment.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 133–135; Dec. Dig. § 64.*]

3. GARNISHMENT (§ 87*) — PROCEEDINGS TO PROCURE—AFFIDAVIT.

Where an affidavit for a writ of garnishment recited that "Now comes the W. Company, a firm composed of C. W. W. and M. W. W.," and after the signature recited that "C. W. W., one of the plaintiffs mentioned in the foregoing application, being duly sworn, upon his oath says that the facts therein stated are true," the affidavit was not defective as being made by the partnership instead of by an agent or member thereof.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 156–159, 163–166; Dec. Dig. § 87.*]

4. GARNISHMENT (§ 44*)—PROPERTY SUBJECT—JUDGMENT.

A judgment which had been affirmed on condition that plaintiff file a remittitur was not, before a motion for rehearing was overruled, final so as to be subject to garnishment.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 90; Dec. Dig. § 44.*]

Appeal from District Court, Deaf Smith County; D. B. Hill, Judge.

Garnishment proceeding by the Warren Hardware Company against S. J. Dodson and another, in which Edgar Johnson inter-

vened. From a judgment for plaintiff, the defendant named and the intervener appeal. Reversed and rendered on rehearing.

S. J. Dodson and Carl Gilliland, both of Hereford, for appellants. Knight & Slaton, of Hereford, and G. W. Barcus, of Weatherford, for appellee.

HALL, J. On April 19, 1912, S. J. Dodson recovered judgment in the county court of Deaf Smith county, against E. W. Harrison, in the sum of $155, from which judgment Harrison appealed to this court, and on December 14, 1912, the judgment was affirmed for $106, provided the overplus was remitted by appellee within 30 days. This remittitur was entered in this court on January 18, 1913, judgment was affirmed for $106, and motion for rehearing filed by E. W. Harrison was overruled by this court February 8, 1913. On November 25, 1912, M. W. Warren and C. W. Warren, a firm known as the Warren Hardware Company, obtained 'a judgment in the district court of Deaf Smith county, against S. J. Dodson, for the sum of $642.86, in cause No. 556, on the civil docket of said court, which was at the time of the trial of this cause unpaid except the sum of $125. On December 20, 1912, C. W. Warren made an affidavit for garnishment in cause No. 556, pending in the district court, and sued out a writ of garnishment against E. W. Harrison returnable to the next term of the district court of Deaf Smith county, which convened on May 4, 1913. A writ of garnishment was issued and served the same day, requiring Harrison to answer on May 5, 1913, and the garnishment suit, as shown by the civil docket of the district court of Deaf Smith county, was numbered 558. The garnishee Harrison filed his answer on May 14, 1913, in said cause No. 558, stating that he owed the judgment of $106, with interest at 6 per cent. from date in cause No. 285, in the county court of Deaf Smith county, and stating further that he did not know to whom he owed the judgment since he had been informed that one Edgar Johnson was the then owner of the judgment for value. On May 27, 1913, the garnishee Harrison, in accordance with the order of the court, paid into the registry of the court the sum of $113.06, being the amount of the judgment in the county court, with interest to May 27, 1913. Edgar Johnson appeared as intervener in the district court case, claiming to be the assignee for value of the judgment. The affidavit and the writ of garnishment bore the file mark of cause No. 556 in the district court, and the clerk of the district court docketed the garnishment proceedings as cause No. 558. The case was tried before the court, whose findings, in addition to the facts above stated, are in substance as follows: It is therefore the opinion of this court, and the court so finds, that at the time S. J. Dodson transferred his interest in the judgment in cause No. 285, in the county court against E. W. Harrison, that the plaintiff herein, Warren Hardware Company, a firm composed of C. W. Warren and M. W. Warren, had obtained prior thereto a writ of garnishment and the same has been served on said Harrison, and that by reason thereof plaintiff had and has a superior right to the money due on said judgment, and that the plaintiffs are entitled to said money paid into this court by said garnishee. The decree further ordered that the clerk pay to "plaintiffs, Warren Hardware Company, a firm composed of C. W. Warren and M. W. Warren, the said sum of $113.06." The affidavit for garnishment contains the following recitals: "Now comes Warren Hardware Company, a firm composed of C. W. Warren and M. W. Warren, plaintiffs in the above-entitled cause, and, after being signed by plaintiff's attorneys, recites: C. W. Warren, one of the plaintiffs mentioned in the foregoing application, being duly sworn, upon his oath says the facts therein stated are true." In two places in the affidavit the word "plaintiff" is used, but in the writ we find this language: "Whereas, in the district court of Deaf Smith county, in a certain cause wherein Warren Hardware Company, a firm composed of C. W. Warren and M. W. Warren, are plaintiffs, and S. J. Dodson is defendant, the plaintiffs claiming an indebtedness against the said S. J. Dodson," etc.

The joint brief filed by appellants Dodson and intervener Johnson is defective in many respects, and appellee objects to its consideration. It does not meet the requirements of the acts of the Thirty-Third Legislature (page 276) and rules 69 (142 S. W. xxii), 101, and 101a for the district courts (159 S. W. xi) and rules 24, 25, 26, 27, and 31 for the Courts of Civil Appeals (142 S. W. xii, xiii).

The appellants filed a motion for new trial in the court below and in filing assignments of error failed to comply with that part of the act of the Legislature, referred to above, which provides that, where a motion for new trial has been filed in the court below, the assignments therein shall constitute the assignments of error. We have compared the assignments of error with appellant's motion for new trial, filed in the court below, and in only two instances have they presented the identical questions here which were presented in the trial court. We have held in the case of Edwards v. Youngblood, 160 S. W. 288 (not yet officially reported), that this act in this particular is mandatory, but we have decided to consider some of the assignments presented in the trial court, but such consideration will be in a general way.

[1] The preliminary statement of appellant has not been faithfully made, and what we have said in the case of K. C., M. & O. Ry. v. Whittington & Sweeney, 153 S. W. 689, is in a large measure applicable to appellants'

brief. For instance, the appellant says, "This was an action by the Warren Hardware Company, a corporation or a partnership, nothing in the record to show which," when the statements quoted above from the affidavit and the writ clearly state that the plaintiffs composed a firm. "A firm is a partnership." Black's Law Dict.

[2] The first assignment of error is to the action of the court in refusing to quash the garnishment proceedings filed in cause No. 556, on the civil docket of the district court of Deaf Smith county, when the cause, if any, out of which the garnishment proceedings could issue was No. 558 on the docket of said court. The proposition under this assignment is that the law requires garnishment proceedings to be docketed separately from the original suit, after which the writ may issue and all papers filed in said garnishment suit may be filed under the number of said garnishment suit, and, where the affidavit and writ was filed under a different number, they should be quashed upon motion to do so. It is true that the proper practice requires the garnishment proceeding to be separately docketed, and that seems to have been done in this case, but it is not true that, where the affidavit and writ contain a different file number, they should be quashed, and one of the authorities cited by appellant (Sun Mutual Insurance Co. v. Seeligson & Co., 59 Tex. 7) expressly holds that a failure to docket the garnishment proceedings against each of the garnishees is a mere irregularity and will not affect the validity of the judgment. The mere failure of the clerk to put the proper docket number upon the affidavit and writ is not such an irregularity as has resulted in any injury to appellants, and this assignment is overruled.

[3] The second assignment is that the court erred in refusing to quash the affidavit and writ, which affidavit was made by the Warren Hardware Company. This statement is not correct. The affidavit, as appears upon its face, was made by "C. W. Warren, one of the plaintiffs"; and appellant's proposition, following this assignment, that the affidavit must be made by an agent or member of the partnership, while true as a proposition of law, and is sustained by the authorities cited, cannot be upheld because the record clearly shows that the affidavit complies with the rule.

[4] Under the fifth assignment appellant insists that a judgment which is not final is not subject to garnishment, and cites the case of Burke v. Hance, 76 Tex. 76, 13 S. W. 163, 18 Am. St. Rep. 28, to sustain the proposition. The Supreme Court, in that case, used this language: "It is not our purpose to decide that a judgment, final in the courts of this state, when all proceedings in the suit in which it was rendered, whether original or appellate, are at an end, is not subject to garnishment in other suits pending in the courts of this state, without regard to any question of inferiority of the courts.. While authorities conflict on the question, we are of the opinion that they are subject to garnishment in such cases by writs sued out after the termination of all proceedings." In the instant case the writ was sued out while the appeal was pending in this court and before motion for rehearing was overruled.

In Waples-Platter Grocer Co. v. Railway Co., 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353, the Supreme Court, in answering a certified question from the Second district, held that a claim for any unliquidated damages against a railway company for loss for depreciation in the value of cattle, owing to delay in transportation, was not subject to garnishment until the judgment was final. The report of that case discloses that on January 20, 1900, the district court judgment against the railway company, in favor of Downtain, was affirmed and the motion for rehearing was overruled February 17, 1900. Based on a judgment previously rendered against Downtain in its favor, the Waples-Platter Grocer Company caused to be issued and served on the railway company two writs of garnishment; the last one being served February 5, 1900. Subsequent to all these dates, the railway company filed its answer, setting up the facts. The first question certified to the Supreme Court was "whether, pending said appeal therefrom, the said judgment in favor of Downtain was subject to appellant's writs of garnishment." The Supreme Court answered the question in this language: "The demand being uncertain, it is not made certain until the amount is fixed by a final judgment of the court; that is to say, a judgment not merely final in the sense that an appeal lies therefrom, but a judgment final in the sense that it has reached that stage in judicial procedure when it can neither be set aside nor reversed on appeal. In the case of Railway Co. v. Jackson, 85 Tex. 605, 22 S. W. 1030, Chief Justice Stayton, speaking for the court, says: 'We are of opinion that an appeal or writ of error, whether prosecuted under cost or supersedeas bond during pendency, deprives a judgment of that finality of character necessary to entitle it to admission in evidence in support of the right of defense declared by it, and from this necessarily follows the insufficiency of a plea in bar based on it.' In the case of Kreisle v. Campbell, 89 Tex. 104, 33 S. W. 852, this question came before us for an application for a writ of error; but, since the judgment was sustainable upon another ground, we did not find it necessary to decide the point, and its determination was expressly waived. The Court of Civil Appeals for the Second District, however, in that case, held in accordance with our opinion. Id., 32 S. W. 581." This seems to be the last word from the Supreme Court on this question, and the effect is to overrule the contrary holding in the

case of Raley et al. v. Hancock, 77 S. W. 658, cited by appellee to sustain the judgment. This error will require a reversal.

On account of the condition of appellants' brief, we decline to consider the remaining assignments.

Reversed and remanded.

## On Motion for Rehearing.

Appellee has filed and urges a motion for rehearing, insisting that we erred in considering the brief and assignments of error filed by appellant. We did not consider the assignments which were objectionable under the authorities cited in appellee's motion.

The second ground urged in the motion is that we erred in holding that the writ of garnishment issued against E. W. Harrison was prematurely issued. We have again reviewed the authorities and believe that our holding is correct.

The appellee finally insists that we erred in deciding in effect that a garnishment held only such sums as were due from the garnishee at the time the writ was served. If we had made any such holding, appellee would be correct, but we did not hold it, and there is nothing in the opinion which we think can be construed as announcing any such doctrine. In fact, that question does not arise in the case.

Appellee insists that our opinion, as they construe it, settles the case, and unless we are willing to affirm the judgment, that it should be reversed and rendered instead of remanded, and that to reverse the case means a delay of six months and possibly the expense of another appeal before final judgment can be entered. We reversed the case, thinking appellee might upon another trial strengthen their case, which a rendition of the judgment in this court would deprive them of.

After duly considering the motion, we have decided to reverse and render the judgment for the appellants, and it is so ordered.