## TRIPPLETT v. HENDRICKS. (No. 968.)

(Court of Civil Appeals of Texas. El Paso. May 22, 1919.)

1. **GARNISHMENT &7 — DORMANT JUDGMENT.**

A dormant judgment—one not kept alive by issuance of execution—will support a writ of garnishment.

2. **REPLEVIN &125 — JUDGMENT AGAINST SURETY—NOTICE.**

Judgment against sureties on a replevin bond follows as a matter of law, without notice to them, after judgment against their principal, under Vernon's Sayles' Ann. Civ. St. 1914, art. 269.

3. **JUDGMENT &504(3) — COLLATERAL ATTACK — PROCEEDINGS ON APPLICATION FOR WRIT OF GARNISHMENT.**

The question of whether a judgment should have been for the amount of a replevin bond or for the value of the property replevied cannot be raised on collateral attack by surety, on application by plaintiff after judgment for a writ of garnishment.

4. **SEQUESTRATION &16 — REPLEVIN — JUDGMENT.**

The defendant and sureties in sequestration should have the privilege of returning the property, unless it is shown the property has been disposed of, or cannot be produced.

5. **SEQUESTRATION &20 — DAMAGES — AMOUNT—PLEADING.**

In a replevin action, plaintiff was not limited to the value alleged; the market value at the time of trial being the measure of damages.

6. **EVIDENCE &43(2) — JUDICIAL NOTICE — GARNISHMENT &162—BURDEN OF PROOF —SUBSISTING AND UNSATISFIED JUDGMENT.**

Where application for writ of garnishment is filed at the same time as the main suit, or prior to final judgment, it is ancillary to and part of the main suit, and the court will take judicial knowledge of the proceedings in the main suit and consider them together; but where the original suit is terminated at the time of the institution of the garnishment proceedings, and by the petition the judgment is set up as the basis for a valid writ, and defendant joins issue by denying the existence of a judgment, the court is not authorized to enter judgment without proof of a valid, subsisting, and unsatisfied judgment.

7. **GARNISHMENT &88 — APPLICATION FOR WRIT—SPECIAL EXCEPTIONS—CONTRADICTORY ALLEGATIONS.**

A special exception to part of an application for a writ of garnishment, alleging that "said judgment is still in force and satisfied," should have been sustained upon the ground that the allegations were contradictory.

8. **SEQUESTRATION &20 — REPLEVIN BOND —TAXATION OF COSTS AGAINST SURETY.**

The court cannot render judgment against a surety on bond in replevin to secure possession of sequestered property for the costs of the suit, but the judgment creditor is entitled to recover as against the surety such costs as may be incurred in proper proceedings to collect the judgment.

Error from Eastland County Court; Cyrus B. Frost, Judge.

Application by S. F. Hendricks for writ of garnishment against the Citizens' National Bank of Cisco, in which J. W. Tripplett intervened. From an adverse judgment, the intervener brings error. Reversed and remanded.

J. R. Stubblefield, of Eastland, for plaintiff in error.
Allen Dabney and Scott & Brelsford, all of Eastland, for defendant in error.

HARPER, C. J. Hendricks brought suit in the justice court against George Herring and J. M. Curtis for a bay mare, and alleged her value to be $75; sued out writ of sequestration, and by virtue of the writ the constable took possession thereof. Curtis executed a replevin bond with J. M. Tripplett (appellant here) and others as sureties, and retained possession. On March 20, 1911, the justice court entered its judgment for the plaintiff "that he recover the mare."

From this judgment Curtis appealed to the county court, Eastland county. On March 15, 1917, Hendricks, appellee here, filed in said county court affidavit for writ of garnishment against Citizens' National Bank of Cisco, wherein it is alleged that he, on March 20, 1912, recovered a judgment against J. M. Curtis and George Herring as principals and J. W. Tripplett et al., sureties on defendant's replevy bond for the sum of $140, "which said judgment is still in force and satisfied." Then follow other allegations required by

the statute, and prays for writ of garnishment against said bank. The writ issued and the bank answered that it had in its hands $288 belonging to said Tripplett.

Tripplett intervened in the suit and filed general demurrer and special exception to the effect that the affidavit for garnishment shows that the judgment had been satisfied, and general denial, and specially pleaded:

"That the judgment [which is the basis for the writ] was rendered against him without notice to him and without his being a party to the suit; therefore, in so far as it adjudged costs against him, it is null and void.

"(2) That it is null and void because it having arisen in the justice court upon a petition to recover a horse, and nothing else, of the alleged value of $75, and judgment then entered for the horse, and not for its value, and Curtis having appealed to the county court from said judgment, and that the issue of the ownership of the horse has not yet been determined, therefore it is not a final judgment.

"(3) That the county court was without jurisdiction to render a judgment for more than $75, the alleged value of the horse."

The plaintiff filed special exception to the answer next above, which was sustained. Tripplett replevied the money in bank by filing bond.

Tried without a jury, and judgment rendered against Tripplett for the whole amount of the funds, $288, and for costs of the garnishment proceedings from which the case was taken by writ of error to the Court of Civil Appeals of Second district and transferred by the Supreme Court of this district for review.

### Opinion.

[1] The first question is, Was the application and affidavit for writ of garnishment sufficient upon general demurrer because there was no allegation that the judgment had been kept alive by issuance of execution? Appellant cites Friedman v. Early Grocery Co., 22 Tex. Civ. App. 285, 54 S. W. 278, in support of his contention. Notwithstanding these decisions, we think a dormant judgment will support the writ. Citizens' Bank & Trust Co. v. Rogers, 170 S. W. 258, and cases there cited.

Again, it is urged that the court erred in sustaining an exception to the defendant's answer above quoted, upon the ground that the facts alleged, if proved, would establish that the judgment was void. The matters alleged, if proved, would not render the judgment void.

[2] Take the first plea, that the judgment was rendered against him without notice; judgment against the sureties on replevin bond follows as a matter of law without notice to them, after judgment against their principal. Article 269, Vernon's Sayles' Texas Civil Statutes; Cabell v. Floyd, 21 Tex. Civ. App. 135, 50 S. W. 478.

[3] As to the second, the question of whether the judgment should have been for the amount of the bond or for the value of the property replevied cannot be raised upon collateral attack. Lester v. Gatewood, 166 S. W. 389.

[4, 5] True, the defendant and sureties should have the privilege of returning the property, unless it was shown the property had been disposed of or could not be produced, and the latter may have been the reason for entering the moneyed judgment. Herrera v. Marquez, 182 S. W. 1143. This could only be inquired into upon appeal. And the plaintiff was not limited to the value alleged in justice court. The market value at the time of trial is the test. Brunson v. Bank, 175 S. W. 438.

Is the judgment supported by the evidence? The proposition is that this garnishment proceeding is not ancillary to the main suit, but is based upon a prior alleged judgment, and that since the defendant intervener has denied the allegations of the petition or application that issue was joined, and thereupon the burden was upon appellee to prove a valid and unpaid judgment, and that he has not met the burden of proof.

[6] In cases where the application for the writ of garnishment is filed at the same time as the main suit, or prior to final judgment in the main suit, it is ancillary to and a part of the main suit. Kreisle v. Campbell, 89 Tex. 104, 33 S. W. 852, and the court will take judicial knowledge of the proceedings in the main suit and consider them together. Studebaker Harness Co. v. Gerlach Merc. Co., 192 S. W. 545. But where, as in this case, the original suit was terminated at the time of the institution of the garnishment proceedings, and by the petition the judgment is set up as the basis for a valid writ, and defendant joins issue by denying the existence of a judgment, the court is not authorized to enter judgment without proof of a valid, subsisting, and unsatisfied judgment. Kelly v. Gibbs, 84 Tex. 143, 19 S. W. 380, 563.

The statement of facts fails to show that the judgment of the county court relied upon was introduced in evidence, nor does it contain any evidence of it, and neither is there any proof that if it exists that it is unsatisfied.

[7] In this connection the assignment that it was error for the court to overrule special exception to that part of the application which alleges that "said judgment is still in force and satisfied" is sustained upon the ground that the allegations are contradictory.

[8] Again, it is urged that the court was without authority to render judgment for the costs. The county court was not authorized to render judgment against Tripplett as a surety for the costs of that suit. Henderson v. Brown, 16 Tex. Civ. App. 464, 41 S. W. 406. But at this time that judgment is the basis

of appellee's claim, and the latter is entitled to recover such costs as may be incurred in proper proceedings to collect his judgment.

For the reasons assigned, the cause is reversed and remanded.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes