### CHILDS v. GEARHART.   (No. 6504.)

(Court of Civil Appeals of Texas. San Antonio. March 9, 1921. Rehearing Denied April 13, 1921.)

1. **Appeal and error** ⊜⇒742(1) — Assignments of error overruled when not followed by statement.

Assignments of error, complaining of the overruling of a special exception, and of motions to quash the garnishment, and of certain conclusions of law, will be overruled where they are not followed by statements showing such exception, motions, and conclusions.

2. **Appeal and error** ⊜⇒733—Assignment that it was error to render any judgment insufficient.

A garnishment case had to be disposed of by a judgment of some character, and an assignment of error, complaining that any judgment whatever was rendered, was without merit.

3. **Garnishment** ⊜⇒12½, New, vol. 11A Key-No. Series—Dormancy of judgment pending garnishment proceeding does not affect proceeding.

That the judgment on which a garnishment proceeding was based became dormant after the court had obtained control over the funds in the hands of the garnishee did not prevent maintenance of the proceeding, and could not be complained of by one claiming the money garnished.

4. **Appeal and error** ⊜⇒742(6)—Assignments of error, complaining of findings, overruled when not followed by statement.

Assignments of error, assailing the correctness of findings of fact, will be overruled when they are not followed by any statement showing that objections were made, or indicating what the findings were, or wherein they were inaccurate.

Appeal from District Court, La Salle County; Covey C. Thomas, Judge.

Garnishment suit by J. H. Gearhart against the Army Bank of Ft. Sam Houston in which A. F. Childs set up a claim to the money garnished. From a judgment for plaintiff, the claimant appeals. Affirmed.

Gordon Gibson, of Rockport, for appellant. Eskridge & Williams, of San Antonio, for appellee.

FLY, C. J. This suit originated through an action in garnishment instituted by appellee against "the Army Bank of Ft. Sam Houston, a copartnership doing business in Bexar county, Texas," in which garnishment proceeding it was alleged that appellee, in a suit wherein E. B. Zachry was defendant, had obtained a judgment against Zachry in the sum of $2,054.81; that the judgment was still in force and unpaid; that the defendant had no property subject to execution, and that appellee had reason to believe, and did believe that the bank was indebted to Zachry or had in its possession funds belonging to him. A writ of garnishment was issued and served on the bank, and it answered that at the time the writ was served its books showed a credit of $864 in favor of E. B. Zachry, but that since the service aforesaid A. F. Childs, of California, had set up a claim to the money, and that it had in its possession a note for $1,000 executed by R. P. Lucas in favor of Zachry. It prayed that Childs be made a party. Motions to quash the writ of garnishment made by Zachry and Childs were overruled and

Childs set up a claim to the funds in controversy. During the pendency of the suit Gearhart died, and W. S. Ingram, administrator of his estate, was made a party to the suit, and upon a trial, without a jury, judgment was rendered in favor of the administrator as against the garnishee for $864, and that Childs take nothing by his suit.

[1, 2] A preliminary statement is made, consisting mostly of a copy of the testimony of appellant and E. B. Zachry, and that statement is followed by a grouping of six assignments of error. This group is followed by a short statement. The assignments are so general as not to be intelligible without the aid of statements which are not given. For instance, the first assignment complains of special exception O being overruled. What it was is not shown. The second and third assignments complain of motions to quash the garnishment being overruled. This court is not informed as to the contents of those motions. The fourth and fifth assignments of error complain of certain conclusions of law of the trial judge without indicating what they were, and the sixth assignment is that no judgment whatever should have been rendered in this cause. The case had to be disposed of by a judgment of some character or it would have been a fixture on the docket. The six assignments are overruled.

[3] If the judgment appealed from is being attacked because the original judgment in the case of Gearhart v. Zachry has become dormant, it has become so since the service of the writ of garnishment and the funds brought into the custody of the court. There was the sufficient foundation of a live, active judgment upon which to base the issuance of the writ of garnishment, and the Supreme Court has held that even a dormant judgment will form sufficient basis for a writ of garnishment. White v. Casey, 25 Tex. 552. It is held in that case that the garnishee cannot attack the writ of garnishment on account of dormancy of the original judgment, and we are unable to see that a claimant of the funds is in any better position. Appellant alone perfected an appeal to this court.

The Court of Civil Appeals of the Eighth District has held that a dormant judgment will support a writ of garnishment. Tripplett v. Hendricks, 212 S. W. 754. In that case, as well as the opposing case of Friedman v. Early Grocery Co., 22 Tex. Civ. App. 285, 54 S. W. 278, the judgment was dormant when the writ of garnishment was issued. In this case it was not dormant, but became so after the court had obtained control over the funds in the hands of the garnishee. The difference is material. This disposes of the seventh assignment of error.

[4] The eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth assignments of error assail the correctness of certain facts found by the trial court, but neither is followed by any statement showing that any objections were made to the findings in the lower court, nor is there any statement to indicate what the findings were nor wherein they were inaccurate. The assignments are overruled.

The judgment is affirmed.