

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXON~~
ATTORNEY GENERAL

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. 0-3545
Re:  Whether or not a money lender's
occupation tax can be collected
under Subdivision 15, Article
7047, Vernon's Annotated Civil
Statutes, where one person
loans money as agent of another
person.

This is in reply to your request for our opinion concerning money lenders.  Your letter reads in part as follows:

"The Tax Assessor-Collector has asked me to advise him whether or not a State and County occupation tax can be collected from certain money lenders doing business within the City of El Paso, and has specifically asked me whether or not Subdivision 15 of Article 7047 covers such businesses.

" . . . . . .

"The facts of the case involved are these: a person living in San Antonio, Texas, has filed, in the assumed name records of this County, as owner of a money lending outfit, and has a man living in El Paso looking after the business here, the employee in El Paso receiving a salary for his work, as well as a commission on the loans made, and loans the money advanced in the business by the man in San Antonio.  If any losses are suffered in a loan, they are taken by the owner, in whose name the business is registered.

"Under these facts is the owner required to pay the money lenders tax, and would  the  person employed by him in El Paso County be considered as an agent for the person advancing the money to loan?

"If the owner, or the person in whose name

the business is registered, lives outside of the
State of Texas, would a different rule apply?

" . . . . "

We are unable to find any statute that imposes an
occupation tax on money lenders in addition to the tax provided
for in Subdivision 15 of Article 7047, Vernon's Annotated Revised Civil Statutes of Texas.

This leaves us the question of whether or not a tax
is imposed in the case you ask about by said Article 7047, the
pertinent parts of which read as follows:

"There shall be levied on and collected
from every person, firm, company or association
of persons, pursuing any of the occupations
named in the following numbered subdivisions of
this article, an annual occupation tax, which
shall be paid annually in advance except where
herein otherwise provided, on every such occupation or separate establishment, as follows:

" . . . . . "

"15. Money Lenders. -- From every person,
firm, association of persons, or corporation
whose business is lending money as agent or
agents for any corporation, firm or association,
either in this State or out of it, an annual
tax of One Hundred Fifty Dollars ($150.00).
Provided, that if an office is maintained in
more than one county, the State tax shall be
payable in each county where an office is maintained; and, provided, further, that this Tax
shall not apply to persons, firms, or associations who lend money as an incident merely to
the real estate business, nor shall said tax
apply to banks, or banking institutions regularly organized as such. . . . . . "

It will be noticed that the only person, firm, association, or
corporation taxes is a person, etc., "lending money as agent or
agents for any corporation, firm or association". Under the
facts that you give, there is a principal and an agent, and the
agent is engaged in lending money as agent for the principal.
The agent is the person in El Paso, and the principal is the
person in San Antonio. The principal, the San Antonio person,
is not liable for the tax because the tax is only imposed on the
person lending money as an agent.

Is the agent, the El Paso person, in this case liable for the tax? We think he is not, because the only money lending agents liable are "agents for any corporation, firm or association". The El Paso agent is not an agent for a corporation, firm or association, but he is an agent for a person. An individual person cannot be construed to be a corporation, a firm or an association.

"Corporations are juristic persons brought into existence by the national government, by some state of the Union, or by some foreign sovereignty". 10 Tex. Jur. 586. Certainly the principal, the San Antonio person, in this case is not a corporation.

We do not believe that this San Antonio person could be construed to be a firm. In the case of Dodson v. Warren Hardware Co., (Tex. Ct. Civ. App.) 162 S.W. 952, the court said:

"'A firm is a partnership.' Black's Law Dist."

We cannot construe the principal in this case to be an association. In the case of In re Lloyds of Texas, (Dist. CT., N. D. Tex.) 43 Fed. (2nd) 383, the court said:

"An 'association' is an organized union of persons for a good purpose; a body of persons acting together for the promotion of some object of mutual interest or advantage.

"It is fundamentally a large partnership, from which it differs in that it is not bound by the acts of the individual partners, but only by those of its manager or trustee; and that shares in it are transferable, and that it is not dissolved by the retirement, death, or bankruptcy of its individual members.

"     .   .   .   .   .   ."

Our answer to your inquiry is that no occupation tax can be collected from either the principal or the agent under the facts you have given us. This answer applies whether the principal lives in Texas or outside of the State.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/ Cecil C. Rotsch
Cecil C. Rotsch
Assistant

CCR:mp:wc

s/Grover Sellers


Approved Opinion Committee By s/BWB Chairman