## WILLIAM WHITE v. MARTIN CASEY.

The omission, through the clerical mistake of the officer before whom an affidavit has been made as the foundation for the issuance of a writ of garnishment in a justice's court, to subscribe his name thereto, may be supplied on the trial by the appropriate correction; but if the party who might have made the objection at the trial, neglects to do so without any apparent legal excuse, and thereby the defect is not called to the attention of the court, the informality or defect in the affidavit will not afford to such party a ground on which to rest an application for a *certiorari*.

Where in such case a *certiorari* had been granted, on the trial in the District Court the judge ought to have permitted the deficiency in the affidavit to be supplied, when it was shown to have been a mere clerical omission.

This court will not entertain objections or defences that might have been urged in the justice's court, but which were not urged, unless it appears that the justice's court had no jurisdiction to render the judgment which is complained of.

That a judgment has become dormant by reason of the failure to issue execution thereon, is not an objection which can be urged by a third party cited to answer as garnishee, in proceedings instituted for the satisfaction of said judgment.

APPEAL from Rusk. Tried below before the Hon. C. A. Frazer.

This was a suit begun in the justice's court by White, by proceedings in garnishment, to satisfy a judgment in favor of Wyatt against Little. Casey was cited as garnishee, and judgment rendered against him as such. The cause was brought to the District Court by *certiorari* on petition of Casey. White, the appellant, answered the petition by alleging that the omission of the justice

to subscribe his name to the affidavit,· (which was the predicate for the issuance of the writ of garnishment,) was a˙mere clerical mistake ; that the affidavit was in fact sworn to by the affiant therein named; and the plaintiff by said answer asked leave of the court to allow the correction of the mistake to be made "now for then." And that on the trial before said justice, the omission was not observed by either the justice or the plaintiff, the defendant not being before the court. And further answered by a general denial of the allegations of the petition. He also filed a motion to dismiss the *certiorari*, on the ground of the general insufficiency in law of the petition.

The petition for *certiorari* of Martin Casey, the defendant and appellee, shows that on the justice's docket a judgment was rendered on the 28th of September, 1855, in favor of A. M. Wyatt against M. T. Little, on an action of debt of $30 75, "for the sum of $30 75, debt and interest, to judgment and costs." That his judgment was transferred to the plaintiff by the said Wyatt on the 20th day of November, 1855. That no execution had ever issued on it, and that on the 31st day of January, 1859, the agent of the plaintiff, White, made the affidavit (setting it out) prescribed by the statute for the issuance of a writ of garnishment against the defendant. The petition alleges, and the copy of the affidavit shows, that the affidavit˙is not signed or attested by said justice, or by any other officer. That the writ issued on the same day requiring him to answer, as garnishee, the matters prescribed in such cases; and that his answer thereto admitted the sum of sixty-three dollars to be in his hands, which he had collected for said Little. The petitioner complained that the judgment aforesaid, in favor of Wyatt against Little, had never been revived, and that on the hearing of the proceedings against him on the writ of garnishment, the justice rendered judgment against him "for the sum of forty-three dollars and sixty cents, debt and interest, and the costs of the original suit against said Little, and the costs of this suit."

The petitioner complains that said judgment is erroneous, because the affidavit, above described, was not attested or signed by any officer authorized to administer an oath; because the judg-

ment aforesaid in favor of Wyatt could not be enforced by execution without a revival thereof, no execution having issued thereon within a year before the rendition of judgment against petitioner on the garnishment; and because judgment was rendered against him for "all costs," without stating the amount, which, together with the judgment for principal and interest, might exceed the sum in his possession belonging to said Little.

In the District Court a jury was waived, and the cause submitted to the court. The court overruled the defendant's motion to dismiss the *certiorari*, and adjudged "after hearing the testimony, that the said plaintiff take nothing by this suit."

The record contained no statement of facts, nor any bills of exception.

The appellant assigned as error:

1.   The ruling which sustained the objection to the affidavit on the trial in the District Court, when none was made on the trial before the justice.

2.   Overruling the plaintiff's motion to permit the justice before whom the affidavit was made, to sign his name "now for then."

3.   The refusal to permit the justice to testify in regard to the facts concerning the affidavit.

4.   The overruling plaintiff's motion to dismiss the *certiorari* for want of sufficient allegations and equity.

5.   The refusal to allow the justice to testify that the failure to sign his name to the affidavit was his own clerical omission.

6.   The rendition of judgment against the plaintiff.

*J. H. Parsons*, for the appellant.

*Martin Casey*, in person.

BELL, J.—It is a general rule of law that a party must make his proper defences to legal proceedings against him at the proper time, and in the proper place. It is obvious that all the objections to the proceedings in the justice's court, which are enumerated in the petition for *certiorari*, might have been presented in the

justice's court, and would have been as available to the garnishee in that court as in the District Court.  In the case of Peabody v. Buentillo, (18 Tex., 313,) it was held by this court that a party to a judgment rendered by a justice of the peace cannot have a *certiorari* to remove the case into the District Court on account of any matter of which he might have availed himself before the justice, but which, without any apparent legal excuse, he neg- lected to urge in the justice's court.  This court, therefore, will not entertain objections that might have been urged in the justice's court, but which were not urged, unless it appears that the justice's court had no jurisdiction to render the judgment which is com- plained of.  In this case it appears that the affidavit in support of the garnishment was not subscribed by the officer before whom the oath was made.  The affidavit is regular, except that the officer does not sign his name.  If objection had been taken in the justice's court to the affidavit as insufficient to support the garnishment, it might have been amended.  It might have been shown to have been a mere clerical misprision, and the officer before whom the oath was made might have been called, and permitted to subscribe his name to the affidavit *nunc pro tunc.*  In this case there was a paper filed in the District Court alleging that the affidavit was, in fact, made before the justice of the peace himself, and asking that the justice might be permitted to sign his name to the paper, but this was refused.  We think the objection ought to have been taken to the affidavit before the justice, or the district judge ought to have permitted the deficiency in the affidavit to be supplied when it was shown to him to have been a mere clerical omission.  But it is also contended that the justice's judgment was dormant, and, there- fore, could not support a garnishment.  The writ of garnishment is but another mode of execution, having for its object the collec- tion of the money due on the judgment.  If execution had been issued on the judgment, it would have been only voidable, not void.  If the money had been paid on such an execution, it could not have been recovered back, either from the officer or the plain- tiff in the judgment.  We think the same principle must apply to the garnishment.  It is said in Drake on Attachment, § 697, that the garnishee will be protected against a second payment,

although there may be in the proceedings against the defendant errors and irregularities, for which the defendant himself might obtain their reversal. The author says, "it has been always held that a garnishee cannot avoid or reverse a judgment against him on account of mere irregularities in the proceedings in the main action. They only affect the defendant, and he alone can take advantage of them. Nor can he assume to inquire into the merits of the cause, as between the plaintiff and the defendant, or, after judgment against the defendant, to show that the plaintiff had no just demand against the defendant, or that the judgment ought to be altered or reversed." It is also said that, in relation to the judgment against the defendant, the garnishee stands as an entire stranger. We think that the irregularities in the proceedings in the justice's court in this case were not such as render the proceedings void for want of jurisdiction, and they ought not to have been called in question in the District Court for any other reason, inasmuch as the garnishee had neglected his defences in the justice's court. It is complained that the justice rendered judgment for costs against the garnishee, without naming the amount of the costs, and that they may exceed the sum in the garnishee's hands. This is a speculative complaint. The garnishee showed that he had upwards of sixty dollars in his hands. The judgment, interest and costs amounted to forty-three dollars and sixty cents, for which sum, and the cost of the garnishment, judgment was rendered against the garnishee. The whole judgment against the garnishee could not exhaust the amount in his hands. Because we are of opinion that there is error in the judgment of the District Court, and that the motion to dismiss the *certiorari* ought to have been sustained, the judgment of the court below is reversed and the cause dismissed. A writ will be sent to the justice, commanding him to proceed to execute his judgment.

Reversed and cause dismissed.