## FRIEDMAN, KEILER & COMPANY V. THE EARLY GROCERY COMPANY.

Decided December 13, 1899.

**1. Garnishment on Dormant Judgment.**

Garnishment is in the nature of an execution, and can not issue on a dormant judgment.

**2. Same—Revival of Judgment.**

Revival of a dormant judgment will not save the lien of a garnishment, as upon judgment, issued while it was dormant.

**3. Garnishee—Attorney's Fee—Plea in Abatement.**

A garnishee is entitled to attorney's fees for preparing and presenting a successful answer, though such answer was a plea in abatement of the writ.

APPEAL from the County Court of McLennan. Tried below before Hon. J. N. GALLAGHER.

*T. Jay Womack,* for appellant.

No briefs for appellee were on file.

COLLARD, ASSOCIATE JUSTICE.—This is a garnishment proceeding by appellant against appellee. The affidavit for the suit, filed March 25, 1899, shows that plaintiff recovered judgment on the 22d day of January, 1894, in the County Court of McLennan County for $528.30, with interest at 6 per cent per annum from date, and costs, alleging that the judgment is valid, subsisting, and unsatisfied against J. A. Early, who it is alleged has not, within the knowledge of affiant, property in his possession within the State subject to execution sufficient to satisfy the judgment and costs; and that he has good reason to believe and does believe that the Early Grocery Company, a private corporation, whose principal office is in Waco, McLennan County, Texas,. is indebted to J. A. Early, that he is the owner of shares in the said corporation, and that he has an interest in the same.

On the same day, the 25th day of March, 1899, garnishment was issued, requiring the Early Grocery Company to answer, which was served on the same day.

May 1, 1899, the Early Grocery Company, by its president, answered under oath that the judgment in the cause upon which the writ issued was dormant; that no execution issued within twelve months after its date, or at any time prior to the time of filing the application for the writ.

Plaintiff replied May 30, 1899, that while it may be true that no execution has yet issued on the judgment, the question can only be raised by defendant J. A. Early; that it would be inequitable to allow either the Early Grocery Company or J. A. Early to make such an issue in the case; and further, that, if the court should hold that no garnishment would lie on the judgment, all the parties are before the court; then that the judgment be revived, and that plaintiff have execution against Early, and that the writ before issued be declared a lien on the assets of said Early in possession of the Early Grocery Company, as well as the shares, or whatever interest said Early may have in the said company, and that the lien be fixed at the time of the service of the said writ.

The court below, May 30, 1899, by its judgment, sustained defendant's plea in abatement upon the ground of dormancy of the judgment upon which the proceeding is based, and judgment was rendered in favor of the garnishee, and for all costs, including an attorney's fee of $10 for preparing the plea in abatement and presenting the same. The court revived the judgment, defendant J. A. Early consenting thereto. From the judgment sustaining the plea in abatement, the plaintiff has appealed.

*Opinion.*—There was no error in the judgment of the court abating the garnishment proceeding. The writ asked for is in the nature of an execution, and it could not issue on a dormant judgment. If an execution could not issue, a writ of garnishment upon the judgment could not, and if the judgment creditor would not be entitled to execution on the judgment, he would not be entitled to garnishment. The judgment was dormant and would not authorize an execution, and hence it would not authorize a writ of garnishment. 8 Am. and Eng. Enc. of Law, 1101, 1102, 1106, 1110. The statute authorizes a garnishment upon a judgment (Revised Statutes, article 217, subdivision 3); but it must be a subsisting judgment,—a judgment in fact, that would support an execution.

The garnishee was entitled to attorney's fee for preparing the answer and representing the same when it is sustained. Johnson v. Blanks, 68 Texas, 495; Willis v. Heath, 75 Texas, 125.

Plaintiff could not proceed by garnishment upon the ground of judgment against the debtor until after judgment against the debtor. There is no error in the judgment of the lower court, and it is affirmed.

*Affirmed.*