CITIZENS' BANK & TRUST CO. v. ROGERS. (No. 5326.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 14, 1914. Rehearing Denied Nov. 11, 1914.)

1. GARNISHMENT (§ 56*)—PERSONS AND PROPERTY SUBJECT—BANK DEPOSITS.

Where Y. kept his bank account in the name of Y. Engineering Co., and the money was his own property, and was checked out for his personal and individual uses, no one else having any interest in it, his account was subject to garnishment.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 110, 111; Dec. Dig. § 56.*]

2. APPEAL AND ERROR (§ 1043*)—REVIEW—HARMLESS ERROR.

Where the number of the case in which the judgment was rendered was incorrectly given in the application for garnishment, though correctly given in the transfer of the judgment to plaintiff, and there was no question about the identity of the judgment and no other judgment against the debtor, the error was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4115-4121; Dec. Dig. § 1043.*]

3. APPEAL AND ERROR (§ 909*)—REVIEW—PRESUMPTIONS.

In a garnishment proceeding, where all the execution dockets during the life of the judgment against the debtor were not offered in evidence, it would be presumed that an execution on the judgment had been issued, so that the judgment would not be dormant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675; Dec. Dig. § 909.*]

4. GARNISHMENT (§ 144*) — PROCEEDINGS — PLEADING.

The want of a valid judgment on which to base the garnishment must be pleaded by the garnishee in order to be available.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 270; Dec. Dig. § 144.*]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Garnishment by F. R. Rogers against the Citizens' Bank & Trust Company. Judgment for plaintiff, and defendant appeals. Affirmed.

W. A. Wurzbach and Irvin R. Stone, both of San Antonio, for appellant. B. P. Lane and Gordon Bullitt, both of San Antonio, for appellee.

FLY, C. J. Appellee applied for and obtained a writ of garnishment against appellant, alleging that he was the owner of a certain judgment obtained by C. A. Ambrust against F. R. Young, in the county court of Bexar county; that Young had not, within the knowledge of appellee, any property subject to execution; and that he believed that appellant had in its hands effects

belonging to Young. Appellant answered, denying that it had any effects belonging to Young. The answer was controverted by appellee. The cause was tried without a jury, and judgment was rendered in favor of appellee for $165.19.

[1] The evidence is sufficient to show that money was deposited by F. R. Young with appellant in the name of the "Young Engineering Company," and that the sum of $165.19 of the same was on deposit with appellant at the time the writ of garnishment was served upon it. The money so deposited was the property of F. R. Young, and was checked out for his personal and individual uses. If there was any partnership existing under the name of "Young Engineering Company," which the evidence tends to show there was not, the money was the individual property of Young; no one else having any interest in it. These conclusions of fact dispose of the first, second, third, and fourth assignments of error.

[2] The fifth, sixth, and seventh assignments of error are overruled. The number of the case in which the judgment was rendered was incorrectly given in the application for garnishment, but was correctly given in the transfer of the judgment to appellee. There was no question about the identity of the judgment. The evidence showed that there was no other judgment against Young in favor of Ambrust.

[3] If there was any testimony introduced to show that the judgment in the case of Ambrust v. Young was dormant by reason of failure to issue an execution within 12 months from its rendition, the record fails to show it. It is true that it is stated in the statement of facts that "counsel for defendants offered in evidence the records of the county court for civil cases, including the execution docket, to show that no execution had been issued on the judgment introduced in evidence in cause No. 3729, entitled C. A. Ambrust v. F. R. Young," but that statement fails to show that the court permitted the evidence to be introduced, and, if he did, what it showed. There is nothing to indicate that all the execution dockets during the life of the judgment were offered in evidence. In the absence of such proof, the presumption would obtain that an execution had been issued. Baze v. Mfg. Co., 94 S. W. 460.

[4] The answer of the garnishee did not attack the judgment on the ground of its dormancy, and it has been held that want of a valid judgment on which to base the garnishment must be pleaded by the garnishee in order to be available. Bassett v. Hammond, 1 White & W. Civ. Cas. Ct. App. § 108.

There being no pleading or evidence attacking the validity of the judgment upon which the writ of garnishment is based, it becomes unnecessary for this court to pass on the question as to whether a dormant judgment will support a writ of garnishment. It may be stated, however, that the Supreme Court, in the case of White v. Casey, 25 Tex. 552, has held:

"But it is also contended that the justice's judgment was dormant, and, therefore, could not support a garnishment. The writ of garnishment is but another mode of execution, having for its object the collection of money due on the judgment. If execution had been issued on the judgment, it would have been only voidable, not void. If the money had been paid on such an execution, it could not have been recovered back, either from the officer or the plaintiff in the judgment. We think the same principle must apply to the garnishment."

This decision has been cited a number of times, but seems to have escaped the attention of two Courts of Civil Appeals in the cases of Friedman v. Early Grocery Co., 22 Tex. Civ. App. 285, 54 S. W. 278, and Bank v. Brown, 42 Tex. Civ. App. 584, 92 S. W. 1052; for in those cases a contrary rule is laid down. In the last case it is stated that it is well settled that a valid writ of garnishment cannot be issued upon a dormant judgment, and the case of Friedman v. Early Grocery Co. is cited as settling it. It would not seem to be so well settled when the Supreme Court has decided differently. We need not express an opinion on the subject until it is squarely before us for decision.

We discover no errors requiring a reversal, and the judgment is affirmed.