CARLTON et al. v. HOFF et al. (No. 257.)

(Court of Civil Appeals of Texas. Eastland. Jan. 28, 1927. 'Rehearing Denied March 18, 1927.)

1. Judgment ⚖➩490(2), 491—Judgment cannot be collaterally attacked for irregularities of service and return.

Relief as against irregularities in judgment for want of proper service and return can be had only by direct attack on judgment.

2. Judgment ⚖➩518—Action to set aside judgment for want of service held "collateral attack," where not all parties to original judgment were joined.

Action to set aside judgment for want of proper service and return is collateral, and not direct attack, where plaintiffs did not join all parties to original judgment, and more than four years elapsed after judgment before action was begun.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collateral Attack.]

3. Partnership ⚖➩219(2)—That valid judgment was not obtained against partnership held not to render judgment void as against individual partners.

Where suit against partnership and partners individually was dismissed as against some of the partners, fact that judgment decreed foreclosure of lien against partnership's property, and awarded joint and several recovery against individuals was void as to partnership, held not to affect judgment against individual members.

4. Judgment ⚖➩521—Suit in court in which judgment was rendered to enjoin execution because judgment was dormant held "direct attack" thereon.

Suit by judgment defendants in court in which judgment was rendered on ground that judgment was dormant held to constitute a direct attack, in so far as right to issue garnishment thereon was concerned, where all parties were before court.

[Ed. Note.—For other definitions, see Words Phrases, First and Second Series, Direct Attack.]

5. Judgment ⚖➩518—"Direct attack" is proceeding to amend, correct, reform, vacate, or enjoin execution of judgment, while "collateral attack" is attempt to avoid it.

A "direct attack" on a judgment is an attempt to amend, correct, reform, vacate, or enjoin execution in proceeding for that purpose, while a collateral attack is attempt to avoid its force in a proceeding not instituted for any of such purposes.

6. Judgment ⚖➩853(3)—Generally, order of sale is "execution" within statute providing if no execution issues within 12 months judgment becomes dormant (Rev. St. 1925, art. 3773).

Generally, an order of sale is an execution within Rev. St. 1925, art. 3773, providing that, if no execution is issued within 12 months after rendition, judgment becomes dormant, and no execution shall issue thereon until it be revived.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Execution (Writ of).]

7. Judgment ⚖➩853(3)—Order of sale of partnership property not being construed as execution against individual defendants, judgment held dormant as to them (Rev. St. 1925, art. 3773).

In suit against partnership and individual members, in which judgment was entered against both firm and individuals, where order of sale of firm's property could not be construed under facts as execution against individuals, judgment became dormant under Rev. St. 1925, art. 3773, where no execution against them was issued within 12 months.

---

⚖➩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Garnishment ⬩7—Dormant judgment will not support writ of garnishment as against direct attack (Rev. St. 1925, art. 4101).**

In view of Rev. St. 1925, art. 4101, a dormant judgment will not support a writ of garnishment as against direct attack by judgment debtors.

**9. Judgment ⬩452—Third person not affected by judgment cannot attack it.**

A third person who is not affected by a judgment cannot attack it.

On Rehearing.

**10. Limitation of actions ⬩39(6)—Suit to vacate judgment held barred by limitation, where plaintiffs knew of judgment more than four years prior to suit.**

Where judgment debtors were notified of judgment more than four years prior to suit to vacate it, action to vacate it was barred by four-year limitation.

**11. Judgment ⬩853(3)—Force of execution cannot be attributed to order of sale when both judgment and order of sale provide otherwise (Rev. St. 1925, art. 2218).**

In suit against partnership and individual members, where judgment against partnership foreclosing lien under Rev. St. 1925, art. 2218, and order of sale in conformity therewith, contained no authority to levy on other property of defendants, force of execution cannot be attributed to order of sale when both judgment and order provided otherwise.

**12. Appeal and error ⬩931(5)—Reviewing court cannot presume lower court considered evidence not contained in statement of facts when statement contains only evidence relied on.**

While every presumption is indulged on appeal in favor of a valid judgment, reviewing court cannot presume lower court considered evidence not contained in statement of facts, which lower court approved, when statement contains only evidence relied on.

**13. Judgment ⬩461(1)—Plaintiff was relieved of burden to prove no execution issued, where defendant pleaded as execution order of sale which was insufficient.**

In suit to vacate judgment, plaintiffs were relieved of burden to prove no order of sale or execution was issued on original judgment, where defendant pleaded, as execution which was sufficient to continue original judgment as subsisting judgment, order of sale which reviewing court holds to be insufficient for that purpose.

Appeal from District Court, Comanche County; Joe H. Eidson, Judge.

Suit by E. H. Carlton and another against Ray T. Hoff and another. From a judgment for defendants, plaintiffs appeal. Affirmed in part, and reversed and rendered in part.

Chandler & Chandler, of Stephenville, for appellants.

Alexander & Baldwin, of Fort Worth, for appellees.

HICKMAN, J. The suit on which this appeal is predicated was instituted by the appellants E. H. Carlton and S. C. Carlton in the District court of Comanche county, Tex., against Ray T. Hoff and Porter J. Davis, on the 12th day of February, A. D. 1926, to set aside the judgment rendered in said court on the 12th day of May, A. D. 1921, in favor of appellees against appellants and others, and to enjoin further proceedings under two writs of garnishment issued upon said original judgment. There are many assignments of error in appellants' brief, but the following statement of the proceedings upon which the judgment of the trial court was based will be sufficient for an understanding of the points decided in this opinion:

On March 23, 1921, the appellees Hoff and Davis filed their suit in the district court of Comanche county, Tex., against the Carlton Van Loan Company, a partnership composed of E. H. Carlton. C. S. Carlton, Ben O. Eastman, and W. S. Van Loan, and against the individuals E. H. Carlton, W. S. Van Loan, Ben O. Eastman, and S. C. Carlton, and against Powhatan Petroleum Company, a joint-stock company, and against the Threlkeld Lonn Work Company, a partnership composed of C. C. Threlkeld, Fred Driscoll, J. W. Lonn, G. E. Work, C. E. McCormick, and H. F. McCormick.

The cause of action alleged in the original petition was for a money judgment for work performed by appellees in drilling oil wells on a lease alleged to have been owned by the Carlton Van Loan Company and the Powhatan Petroleum Company, and for the foreclosure of a statutory lien upon the leasehold estate of said defendants and upon certain oil wells and equipment thereon situated.

On the 12th day of May, 1921, judgment was rendered in favor of Hoff and Davis, dismissing their suit against the individuals W. S. Van Loan, Ben O. Eastman, C. C. Threlkeld, Fred Driscoll, J. W. Lonn, G. E. Work, and H. F. McCormick, and awarding them a judgment against the Carlton Van Loan Company, S. C. Carlton, E. H. Carlton, and Powhatan Petroleum Company, jointly and severally, for the sum of $3,169.80, with interest and costs. Said judgment also decreed a foreclosure of the lien against the leasehold estate, wells, and equipment described in plaintiffs' petition.

On August 11, 1921, an order of sale was issued on said judgment, by virtue of which the property described in the judgment was sold by the sheriff of Comanche county. This order of sale will be more fully set forth hereinafter.

On January 26, 1926, Hoff and Davis filed applications for writs of garnishment to be served upon certain garnishees, calling upon said garnishees to answer, among other things, what, if anything, they were indebted to the defendant E. H. Carlton. Writs of

garnishment were issued in accordance with the prayer of the application.

On the 12th day of February, 1926, E. H. Carlton and S. C. Carlton, who will be hereinafter referred to as "the Carltons," presented to Hon. Joe H. Eidson, judge of the district court of Comanche county, a petition attacking the original judgment upon several grounds, which will be more fully explained in this opinion, and praying for a temporary writ of injunction against the issuance of any further executions or garnishments on said original judgment and against any further proceedings in the garnishments theretofore issued. The prayer for injunction was granted, and the writ issued in accordance therewith.

Upon the trial of the cause upon its merits on the 4th day of June, 1926, judgment was entered by the trial court dissolving the temporary injunction theretofore issued by it, establishing the validity of the original judgment, and denying the appellants any relief.

The record comes to this court without any findings of fact or conclusions of law by the trial judge, and no request therefor shown.

[1, 2] Among the grounds relied upon by appellants to establish the invalidity of the original judgment was the want of proper service of citation and the proper return thereof against them in the original suit. It will be noted that appellants do not join all the parties to the original judgment in their suit to set same aside. It will be further noted that more than four years had elapsed after the rendition of the original judgment before the filing of appellants' suit to set is aside. Under these facts appellants' attack upon the original judgment, in so far as same sought to set it aside on account of improper service and return, was a collateral attack. Relief as against such irregularities can be had only upon direct attack. Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347. We therefore overrule all of appellants' assignments of error attacking the original judgment on account of improper service and return of citation against them.

[3] Appellants, by proper assignments, claim that the original judgment was absolutely void as to them, because their liability was contingent, conditional, and alternative. They urge, in support of this contention, that since the judgment shows upon its face that appellees dismissed their suit in the original cause against certain members of the partnerships, the judgment against such partnerships was absolutely void; and, since the judgment directed execution to issue against them only in the event that the proceeds of the sale of the partnership property described in the judgment were insufficient to satisfy the judgment, and since no valid order of sale could issue against the partnerships, because of the void judgment against them, that the contingency upon the happening of which process could issue against them being a void

one, the judgment against them was therefore void upon its face. We cannot adopt this view. Upon the authority of Frank v. Tatum, 87 Tex. 204, 25 S. W. 409, and Glasscock v. Price, 92 Tex. 271, 47 S. W. 965, it is our opinion that the appellees never obtained a valid judgment against the partnerships. But this fact would not render void the judgment against appellants. The judgment not only decreed a foreclosure of the lien against the partnership property, but awarded a joint and several recovery against the appellants for the entire amount of the debt. The property of the partnership was in fact sold, and the proceeds of the sale were applied to the judgment against appellants. We cannot understand how the judgment against appellants could be effected by this invalid sale. These assignments are therefore overruled.

Appellants further allege the invalidity of the original judgment against them on the ground that the original suit of appellees was brought against the partnership and its members to compel payment of a partnership debt, and the only liability claimed against appellants was based upon their partnership liability, and not upon any individual liability, and that therefore the judgment entered against them as retained members of the partnership was void. In support of this proposition, appellants rely principally upon the case of Texas Land & Cattle Co. et al. v. Moline (Tex. Civ. App.) 258 S. W. 216. While the similarity between that case and the one under consideration is apparent, yet we have come to the conclusion that in this case the liability of appellants was not based solely upon their partnership liability. The petition in the original suit, after stating that it was complaining of the Carlton Van Loan Company, a partnership composed of certain individuals there named, went further, and stated:

"And complaining of the individuals E. H. Carlton, who resides in Bosque county, Tex., and of W. S. Van Loan, who resides in Tarrant county, Tex., and of Ben O. Eastman, who resides in Comanche county, Tex., and of S. C. Carlton, who resides in El Paso county, Tex."

Throughout the petition the plaintiffs' allegations are made against the defendants. It is our opinion that this petition is sufficient to evidence the fact that the appellees in the original suit based their claim against the appellants as individuals. Frank v. Tatum, supra; Fowler Commission Co. v. Charles Land & Co. (Tex. Com. App.) 248 S. W. 314. This leaves to our determination the question which we think is decisive of this appeal.

[4, 5] Appellants alleged, in their petition to vacate the original judgment and for injunction against further proceedings under the writs of garnishment theretofore issued, that the judgment in the original cause, and upon which the writs of garnishment were issued, was dormant, and would not therefore support the writs of garnishment. In so far as

appellants' suit sought an injunction against the garnishment proceedings on the ground that the judgment under which garnishment was issued was dormant, it was a direct attack. A safe guide for the determination of the question as to whether this is a direct or collateral attack upon the original judgment is stated by Justice Denman in the case of Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325, in this language:

"A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same in a proceeding instituted for that purpose, such as a motion for rehearing, an appeal, some form of writ of error, a bill of review, an injunction to restrain its execution, etc. A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid as where, in an action of debt on a judgment, defendant attempts to deny the fact of indebtedness, or where, in a suit to try the title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effect," etc.

Appellants' suit was instituted by them in the court which rendered the original judgment against them, praying that the court enjoin any further proceedings under such judgment, on the ground that same was dormant. Clearly this constituted a direct attack upon the judgment, in so far as the right to issue a writ of garnishment thereon was concerned, because all of the parties who were affected by the writs of garnishment were before the court. We have held that the suit was a collateral attack upon the judgment in so far as it sought to set same aside on account of defective service and return of citation; but, as an application for injunction to restrain the issuance of process to enforce it after its dormancy, we hold that it is a direct attack. We are therefore required to answer two questions in disposing of this assignment: First, was the original judgment upon which the garnishment was based, dormant? and, second, if so, would it support a writ of garnishment as against a direct attack?

[6, 7] A careful study of the record has led us to the conclusion that the judgment was dormant at the time the writs of garnishment were issued. By article 3773 of the Revised Statutes it is provided that, if no execution is issued within 12 months after the rendition of a judgment in some court of record, the judgment shall become dormant, and no execution shall issue therein unless such judgment be revived.

The garnishments, further proceedings under which are sought to be enjoined by appellants, were issued more than 4 years after the rendition of the original judgment herein. If no execution had been issued prior to that suit, then clearly the judgment was dormant on that date. Appellees base their contention that execution had issued within 12 months of the rendition of the original judg-

ment upon an' order. of sale which was issued on the 11th day of August, 1921. If this order of sale can be construed as an execution against appellants, the judgment is not dormant. If not, then the judgment is admittedly dormant. That an order of sale, generally speaking, is an execution within the meaning of the above statute has been decided many times, and needs no citation of authority to support it. But the facts in all cases which we have investigated announcing this holding are very different to the facts in this case. The original judgment was against certain partnerships and certain individuals, jointly and severally, for a certain sum of money. It also decreed that the debt was secured by an oil well drilling contractor's lien against certain property therein described, belonging to the defendants the Carlton Van Loan Company and the Powhatan Petroleum Company. A foreclosure of this lien was decreed and an order of sale thereunder directed. The judgment then recites, in substance, that, in case, under said order of sale, the property does not bring enough to satisfy the judgment, it is further ordered that execution issue against the said defendants Carlton Van Loan Company, E. H. Carlton, and S. C. Carlton, and the Powhatan Petroleum Company. It will be noted that, by the express working of the judgment, no execution should issue against the Carltons until after the sale of the property described in the judgment under the order of sale to be issued against the two partnerships. The order of sale shown in the record was in obedience to the judgment. It was directed to the sheriff or any constable of Comanche county. In substance, it recited that on the 12th day of May, 1921, Ray T. Hoff and Porter J. Davis recovered a judgment in the district court of Comanche county against the Carlton Van Loan Company and the Powhatan Petroleum Company for the sum of $3,169.80. The names of the appellants do not appear therein. The order of sale further informs the sheriff that the judgment is a foreclosure of a lien on certain property which is described in the order of sale. It commands the sheriff to seize and sell this property as under execution, and apply the proceeds thereof to the payment and satisfaction of said money judgment. It then commands that, in case the proceeds of said sale be insufficient to satisfy said judgment, then the officer is directed to make the money, or any balance thereof remaining unpaid, out of any other property of defendant, as in case of ordinary executions. The final direction in the order of sale is to make return thereof within 90 days.

In our opinion, this order of sale cannot be said to have been an execution against the Carltons. The judgment, as above pointed out, authorized the issuance of an execution against the Carltons only after it was determined that the proceeds of the sale of the

property were insufficient to satisfy the judgment. Evidently the appellees, who were plaintiffs in the original cause, construed the judgment to mean that the order of sale should not contain an execution against the Carltons, and the clerk of the court must have likewise so construed it, because the order of sale which was issued thereunder nowhere mentions the Carltons or any other defendant, except the two partnerships, who were the owners of the property ordered to be sold. If this order of sale is to be construed as an execution against the Carltons, it is perforce the recital therein that, if the proceeds of the sale are insufficient to satisfy the judgment, then the officer is directed to make the money, or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary execution. The authority of the sheriff who executed this order of sale was limited by the order itself. His actions thereunder could be only those of an executive to put into effect the orders of a court as contained in the written instrument delivered to him. In our opinion, he had no authority under this order of sale to go out and levy upon the property of the Carltons. Nothing contained therein directed him to do so. While we might construe the using of the singular, "defendant," instead of the plural, "defendants," as a clerical error, yet a direction to make the balance out of the defendants could have but one meaning to the sheriff, and that would be the only defendants of which he was advised; namely, the Carlton Van Loan Company and Powhatan Petroleum Company. If the names of the Carltons had appeared at any place in the order of sale, or in the style of the case thereon as indorsed on the back thereof, a different question might be presented. There might be a different question presented if it appeared that their names were omitted through an inadvertence, although we do not desire to be regarded as to holding; but where, construing the judgment and the order of sale together, it clearly appears, as in this case, that their names were intentionally omitted from the order of sale, we cannot hold that the order of sale was an execution against the Carltons.

The case most similar in fact to this case relied upon by appellees in support of their contention that this judgment was not dormant is Sykes v. Speer et al. (Tex. Civ. App.) 112 S. W. 422. In that case a wife procured a judgment in an action for divorce and for personal injuries inflicted upon her by her husband, prior to the divorce, and while they were husband and wife. She also procured a judgment for costs of court. An execution for damages and costs was issued, and the premises of the husband were sold thereunder. There were certain irregularities in the execution. In an action to try the title to the land which was sold under this execution, the validity of the sale under execution was attacked on the ground that, the judgment showing upon its face that it was void, because rendered in favor of a wife against a husband for personal injuries inflicted by him upon her during marriage, the execution was likewise void, and no title could pass thereunder. It was held that, though the judgment for damages was invalid, the execution containing the item of cost, which was valid, was sufficient as against a collateral attack, and a sale under the execution was not subject to collateral attack. It was also held that the irregularities of the execution in that case were not sufficient to render it void.

In this case, not only was the order of sale against this partnership property void, because the judgment showed upon its face to be void as against the partnership, but there was no order of sale issued against any person except the partnerships.

[8] Having determined that the judgment in the original cause was dormant when the writs of garnishment were issued, it only remains to be determined whether or not a dormant judgment will support a writ of garnishment as against a direct attack.

A cursory examination of the decisions by our courts would indicate that they are not in accord upon this question, but the disagreement is more apparent than real. One of the grounds authorizing the issuance of a writ of garnishment is contained in subdivision 3 of article 4076 of the Revised Statutes. It reads as follows: "Where the plaintiff has a valid, subsisting judgment. * * *" Garnishment is a statutory proceeding, and, as such, was strictly construed. If a writ of garnishment is based on the ground above quoted, it goes without saying that the writ could not stand, because it had no basis. Certainly a dormant judgment is not a subsisting judgment. It therefore seems to us to be apparent that a dormant judgment will not support a writ of garnishment as against a direct attack.

In the case of Friedman v. Early Grocery Co., 22 Tex. Civ. App. 285, 54 S. W. 278, it is held that a dormant judgment will not support a writ of garnishment. In this case the attack was by the garnishee, and was a collateral attack. In our opinion this decision goes too far.

In the case of First National Bank of Morgan v. Brown, 42 Tex. Civ. App. 584, 92 S. W. 1052, it is stated by Justice Pleasants that "It seems to be well settled that a valid writ of garnishment cannot be issued upon a dormant judgment"—citing Friedman v. Early Grocery Company, supra, as authority for the statement.

In the case of Citizens' Bank & Trust Company v. Rogers (Tex. Civ. App.) 170 S. W. 258, Chief Justice Fly of the San Antonio court, while disclaiming any intention to pass upon the question, because same was not involved in the determination of the case, took occasion to call attention to the fact that the

Courts of Civil Appeals in the two cases above cited seemed not to have had their attention caled to the case of White v. Casey, 25 Tex. 552, for, he says, in those cases by the Courts of Civil Appeals a contrary rule is laid down to that stated by the Supreme Court in the case of White v. Casey, supra.

In the case of Tripplett v. Hendricks (Tex. Civ. App.) 212 S. W. 754, Chief Justice Harper of the El Paso court, in deciding the question whether or not the application and affidavit for writ of garnishment was sufficient upon general demurrer on account of there being no allegation that the judgment had been kept alive by issuance of execution, refused to follow the case of Friedman v. Early Grocery Company, supra, and held that a dormant judgment will support the writ, citing as authority the case of Citizens' Bank & Trust Company v. Rogers, supra.

In our opinion the Supreme Court case of White v. Casey, supra, does not hold that a dormant judgment will support a writ of garnishment against direct attack. In that case the question of the dormancy of the judgment was raised by the garnishee in the garnishment proceedings. In disposing of the question of whether or not the judgment would support the garnishment as against such plea by the garnishee, the court uses the following language:

"It is said in Drake on Attachment, § 697, that the garnishee will be protected against a second payment although there may be in the proceedings against the defendant errors and irregularities, for which the defendant himself might obtain their reversal. The author says, 'it has been always held that a garnishee cannot avoid or reverse a judgment against him on account of mere irregularities in the proceedings in the main action. They only affect the defendant, and he alone can take advantage of them. Nor can he assume to inquire into the merits of the cause, as between the plaintiff and the defendant, or, ·after judgment against the defendant, to show that the plaintiff had no just demand against the defendant, or that the judgment ought to be altered or reversed.' It is also said that, in relation to the judgment against the defendant, the garnishee stands as an entire stranger."

[9] It is elementary that a third person who is not affected by a judgment cannot attack it. A garnishee is a stranger to a judgment in favor of a plaintiff against a defendant, because he is protected as against the defendant, on account of any money he pays in satisfaction of the garnishment judgment. This seems to be the established rule of garnishment, as stated in the quotation above, and seems to be the effect of the provision of article 4101 of our Revised Statutes. It clearly follows, we think, that a garnishee could not defend a writ of garnishment against him on the ground of the dormancy of the judgment on which it is based. But to hold that the defendant himself, by direct attack, in a suit for that purpose, cannot plead the dormancy of a judgment, is to set aside the plain provisions of the statute and authorize the issuance of a writ of garnishment on a judgment which is not subsisting.

We are not called upon by the facts of this case to determine the question whether or not the defendant could raise this question by a plea of intervention in a garnishment proceeding, although we see no reason why he should not be allowed to do so, but we do hold that, in a direct action brought by a defendant against a plaintiff in an original judgment to enjoin the issuance of a writ of garnishment or further proceedings under a writ theretofore issued, where such original judgment is dormant, the defendant is entitled to the relief prayed for.

It is the order of this court that, in so far as the judgment of the trial court denied appellants any relief on account of their allegations of defective service and return of citation in the original suit, or that the original judgment was void as to them, it be and the same is hereby affirmed. But that, in so far as the judgment denied the appellants' application for injunction against further proceedings on writs of garnishment heretofore issued in said cause, and against the issuance of any further garnishments or other process for the enforcement of the original judgment, it be reversed, and judgment here rendered setting aside and holding for naught all writs of garnishment heretofore issued upon said original judgment, and enjoining issuance of any further writs of garnishment or other process for the enforcement of the original judgment so long as same remains dormant, without prejudice, however, to the right of appellees to revive the original judgment, or to have any proper process issued in connection with the proceedings to revive.

### On Rehearing.

[10] Both parties to this appeal have filed motions for rehearing. One point raised on motion for rehearing by the appellants complains of the holding of this court in the original opinion that their attack on the original judgment, on account of insufficient service of citation, was a collateral attack on the judgment, because all of the parties to the original judgment were not made parties to the suit to set same aside. In support of this proposition they cite as their leading authority the case of Lane v. Moon, 46 Tex. Civ. App. 625, 103 S. W. 211. The authority probably supports the contention that the only necessary parties to a suit to set aside a judgment against a particular defendant on account of the lack of service of citation are the plaintiff and the particular defendant claiming that the judgment is voidable as to him. But, if that is the rule of law, it will not work a reversal of this case. The evidence discloses a contested issue of fact as to when the appellant, E. H. Carlton,

was given actual notice of the existence of this judgment, and by the finding of the trial judge this issue of fact must have been resolved against appellant. There must have also been resolved against the appellant the issue as to whether or not he was served with citation. Appellees offered testimony to the effect that said appellant was notified of this judgment more than four years prior to the institution of his suit. His action was therefore clearly barred by limitation under the findings of the court, and he did not discharge the burden placed upon him to prove the allegation that he was not, in fact, served with citation.

The other appellant offered no evidence supporting his allegations of lack of citation, and the judgment of the trial court is conclusive on all the issues of fact raised by him, as well as the appellant E. H. Carlton.

The motion of appellants for rehearing is overruled.

[11] Appellees, in their motion for rehearing, complain of the holding of this court to the effect that the original judgment was dormant, on the ground that it complied with the statute and gave life to the whole judgment for a period of ten years. Had the judgment and order of sale complied with the statute, their contention might have been upheld, but both the judgment and order of sale failed to comply with the statute in the very particular which would give an order of sale the force of an execution. Article 2218, R. S., provides the character of judgment to be rendered for foreclosure of a lien. That article directs that the judgment shall provide that, if the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to make the money, or any balance thereof remaining unpaid, out of any other property of the defendant as in case of ordinary execution. In the original judgment in this case the provision is in substance that, in case, under said order, said property does not bring enough to satisfy said judgment, execution issue against the defendants. The statute provides that the order of sale shall be authority for levying execution upon property other than that described in the order of sale; whereas the judgment in this case, and the order of sale issued in conformity, therewith, contain no authority to levy upon any other property of the defendants, but provide that an execution shall thereafter issue. Clearly, in our judgment, the force of an execution cannot be attributed to the order of sale, when both the judgment and the order of sale itself provided otherwise.

[12] Appellees also complain of the opinion of this court in setting aside writs of garnishment heretofore issued upon the original judgment and enjoining further process thereunder, on the ground that the trial judge in the instant case found that the judg-

ment in the original case was a valid subsisting judgment, and that this court should indulge the presumption that some valid execution had, in fact, issued on the judgment under which garnishment was applied for, and that it was not dormant. While this court will indulge every legal presumption in favor of the judgment of the lower court, yet we cannot presume that the lower court considered evidence other than that contained in the statement of facts, when such statement of facts had been approved by him, and when such statement of facts contain the only process pleaded or relied upon by appellees as an execution.

[13] Appellees further claim that the judgment of the trial court should have been affirmed because the burden of proof was upon the appellants, and they failed to prove that no order of sale or execution had been issued upon the original judgment. We think that appellees relieved appellants of that necessity by their pleading in this cause. They pleaded as the execution which was sufficient to continue the original judgment as a subsisting judgment the very order of sale which we have held was insufficient for that purpose. They relied upon it, and joined issue upon its sufficiency. In this state of the record we do not believe that they are entitled to have their judgment affirmed upon the ground that appellants failed to introduce the execution docket and prove that no other execution had issued.

Both motions for rehearing herein are therefore overruled.