### PATTON v. CRISP & WHITE et al.
### (No. 8069.)

Court of Civil Appeals of Texas. San Antonio. Nov. 14, 1928.

Rehearing Denied Dec. 19, 1928.

Atlas Jones, of San Antonio, and Frank Lane, of Brackettville, for appellant.

Martin & Martin and Will Glover, all of Uvalde, for appellees.

SMITH, J. The questions presented in the appeal arise out of a garnishment proceeding in the county court of Uvalde county and chiefly concern the validity of that proceeding. It appears that Crisp & White, a partnership composed of D. H. Crisp and J. W. White, recovered a money judgment, by default, against J. M. Patton on November 20, 1917; that execution issued thereunder to Uvalde county on December 19, 1917, and alias execution to Kinney county on December 20, 1917, and to Uvalde county on November 25, 1927, but no property was found in either instance.

On March 29, 1927, Crisp & White applied for and obtained writ of garnishment in the case against John N. Garner, who answered that he was indebted to the judgment debtor, Patton. Patton contested the garnishment proceeding, contending that the original judgment was invalid, and that the writ of garnishment was improperly issued. One Baylor intervened in the suit as a claimant of part of the amount Garner owed Patton, but judgment was rendered against him and he has prosecuted no appeal. From a judgment against Patton as defendant, and Garner as garnishee, Patton has appealed.

Appellee objects to the consideration of appellant's propositions of law because they are merely copies of the several assignments of error. We overrule this objection. The assignments are simply submitted as propositions, which is permissible when they amount to propositions of law.

Appellant's first assignment of error, submitted as a proposition, is that: "Because the court erred in overruling his motion to quash the writ of garnishment in said cause for the reason that the judgment upon which said writ of garnishment was based was not a valid and subsisting judgment when the affidavit and application for said writ were made."

The assignment is too general to require consideration as a proposition of law, on appeal, even if sufficient as an assignment of error, which is very doubtful. The general contention that the judgment in controversy was "not a valid and subsisting judgment" encompasses every conceivable vice which could operate to invalidate a judgment, and yet points out not one of those vices, which is the true office of a proposition of law. The office of an assignment of error is to "distinctly specify the" ruling of the court or other procedure objected to, as provided in rules 24, 25, and 26, and that of the propositions thereunder is to point out the reasons why the matter objected to constitutes error. No reason is pointed out in the assignment, whether viewed as an assignment or as a proposition of law, why the judgment is not "valid and subsisting," and therefore the assignment fails as a proposition within itself, and is not fortified by any other proposition. Appellant's third, fourth, fifth, sixth, seventh, and tenth assignments of error, submitted as the only propositions thereunder, are equally general. However, we have nevertheless considered appellant's contentions under those assignments, and overrule them, for reasons to be set out later.

In his second proposition appellant takes the position that the writ of garnishment was improperly issued for the reason that the judgment upon which it is based was dormant at the time the writ was applied for, and still is dormant. The vitality of the judgment was preserved, if at all, by the issuance of execution within one year of the rendition of the judgment. As has been shown, original and alias executions were issued within the 12-month period. But appellant contends that each of those executions was void, and therefore could not serve to revive, or preserve the vitality of, the judgment.

The principal contention of appellant is that the writ of garnishment was improperly issued because the judgment supporting it was dormant, in that it was rendered on November 20, 1917, was not vitalized by valid execution, and was therefore dormant when the writ of garnishment was applied for on March 29, 1927. It is conceded that original and alias executions issued on the judgment within a year of the date of the judgment,

but it is contended that these executions were void, and therefore did not serve to preserve the vitality of the judgment, as contemplated in article 3773, R. S. 1925 (article 3717, R. S. 1911, then in force). Writs of garnishment may be issued "where the plaintiff has a valid, subsisting judgment" against the defendant. Article 4076, R. S. 1925.

A dormant judgment is not a "valid, subsisting judgment" and will not support a writ of garnishment. Carlton v. Hoff (Tex. Civ. App.) 292 S. W. 642; Friedman v. Gro. Co., 22 Tex. Civ. App. 285, 54 S. W. 278; First Nat. Bank of Morgan v. Brown, 42 Tex. Civ. App. 584, 92 S. W. 1052. A contrary rule seems to have been propounded in the opinion in Tripplett v. Hendricks (Tex. Civ. App.) 212 S. W. 754, but the holding there was based upon Citizens' Bank & Trust Co. v. Rogers (Tex. Civ. App.) 170 S. W. 258, in which the court expressly declined to pass upon the question. In the decision of the Supreme Court in White v. Casey, 25 Tex. 552, cited by appellees and adverted to in Citizens' Bank & Trust Co. v. Rogers, it was held, only, that the *garnishee* could not set up the dormancy of the judgment in answer to the writ. It is true that it was said in Bank v. Rogers that the right of the garnishee to make this defense was probably identical with that of the defendant, but this suggestion was purely dicta. That there is a distinction between the rights of the garnishee and of the defendant in such case is forcefully urged in Friedman v. Gro. Co., supra. We hold that a dormant judgment is not a "valid, subsisting judgment," as contemplated in the statute authorizing issuance of writs of garnishment, and will not support such writ, at least over the objection of the judgment defendant, seasonably interposed.

As against a direct attack a voidable execution will not preserve the life of a judgment and prevent it becoming dormant at the end of a year from its date, and, this being a direct attack (Carlton v. Hoff, supra), it becomes necessary to decide the controlling contention of appellant that the executions in the case presented were invalid.

The first objection urged against the original execution is that it failed to give the names of the judgment creditors, and therefore was not in compliance with the requirement of the statute that the execution "shall correctly describe the judgment, stating * * * the names of the parties" thereto. Article 3729, R. S. 1911 (article 3783, R. S. 1925). The parties plaintiff were Crisp & White, a partnership or firm composed of D. H. Crisp and J. W. White, and it was so recited in the pleadings and in the judgment on which the execution issued. But the execution described the judgment as one recovered by "Crisp & White" against appellant, omitting the individual names of Crisp and White. Appellant contends that this omis-

sion was fatal to the validity of the execution, because it neither correctly described the judgment nor stated the names of the parties. We overrule this contention. The recitation as to the parties plaintiff was sufficient to identify the judgment rendered with that referred to in the execution, which was the purpose contemplated in the requirement of the statute. Now, if the omission had related to the defendants in the case, it might present a different question, for in that case the defendants must be described with such certainty as to enable the officer to levy upon the property of those defendants, and, of course, the officer could not perform that duty without being informed as to who those defendants were. We are not unmindful of the rule that the individual members of a partnership must be named in the pleadings in order to authorize judgment against them, and must be named in the judgment as the basis of an execution against them. But the rule, and the reasons therefor, are not applicable in this case of a failure to state in an execution the names of the individual plaintiffs composing the partnership, the only substantial purpose of which is to identify the judgment upon which the execution is based. That purpose was fully accomplished when the firm name of "Crisp & White" was named. We conclude that no one was misled by the claimed defects in the writ of execution; that those defects were immaterial irregularities which remained unimportant in the absence of injury resulting to appellant on their account, such as the sale of appellant's property under that execution, at an inadequate price, or some other related injury. Collins v. Hines, 100 Tex. 304, 99 S. W. 400.

It is also contended by appellant that the original execution was fatally defective in that it "did not limit the authority of the sheriff to levying only upon property 'subject to execution' as expressly required by statute, but it gave the sheriff authority to levy upon all property of the judgment debtor." We overrule this contention on authority of Collins v. Hines, supra.

Appellant makes numerous objections that the judgment upon which the writ of garnishment issued is invalid and will not support the writ. It is contended, first, that the statement in the citation served upon appellant, of the nature of the suit, was insufficient under the requirements of article 1852, R. S. 1911 (article 2022, R. S. 1925), because of the omission of the allegation contained in the original petition, that "the defendant made, executed, and delivered to this plaintiff his certain promissory note." We overrule this contention, first, because the statement, viewed in its entirety, is sufficient without reference to the certified copy of plaintiff's petition attached to it, and, second, because that copy could have been effectually

referred to in aid of the citation, even under the statute then in force. Old Alcade Oil Co. v. Ludgate (Tex. Civ. App.) 85 S. W. 453.

So is it contended that the petition was insufficient to support the judgment by default because it was alleged therein that the note sued on was "payable on the 28th day of January, 1917," whereas, the note, dated December 28, 1916, was by its terms "payable 30 days after date." Appellant asserts this is a fatal variance. There is no merit in the contention; nor is there any merit in the contention that there was a fatal variance in the allegation that the note provided for "attorney's" fees, when in fact it provided for "collection" fees.

It will be observed that none of the objections urged against the validity of the judgment are such as, if sustained, would render the judgment void; at most those objections could render the judgment voidable. Therefore they should have been raised in a motion for new trial, or in an appeal from that judgment. They cannot be raised in a bill of review or direct action in the absence of a showing that appellant was prevented from raising them in a motion for new trial, or an appeal, by some fraud or other cause beyond his power to avoid, and that appellant had a good defense which he was prevented from raising in the original disposition through no fault or laches of his own.

Appellant attacks the validity of the writ of garnishment because the affidavit therefor was sworn to only by Crisp, one of the partners. Appellant apparently contends that it should have been sworn to by both partners. The complaint is hypercritical. Either one of the plaintiffs, or any authorized agent of the plaintiffs, could make the supporting affidavit. So was it proper for an agent to verify the answer of the garnishee. None of appellant's assignments have any merit, and all of them are overruled.

The judgment is affirmed.