## CONTINENTAL SUPPLY CO. v. CARTER et al. (No. 538.)

Court of Civil Appeals of Texas. Eastland. Feb. 1, 1929.

928

Turner, Seaberry & Springer, of Eastland, for appellant.

Scott & Gilbert, of Cisco, for appellees.

HICKMAN, C. J. The appeal is from a judgment dismissing a garnishment suit. John W. Turner, as attorney and agent of appellant, made affidavit for garnishment, stating:

"That heretofore, to wit: On the 1st day of June, 1925, in the 88th District Court of Eastland County, in cause No. 9778, on the docket of said court, entitled Continental Supply Company v. E. D. Biggs et al., said Continental Supply Company obtained and now has a personal judgment against William N. Baker, Fred C. Pierce and Wilke Carter, jointly and severally, for the sum of One Thousand Seventy-five and 76/100 .($1,-075.76) Dollars, with interest thereon at the rate of eight per cent. per annum from date and costs of suit amounting to the further sum of Twenty-three and 15/100 ($23.15) Dollars; that no execution has been issued on said judgment, but that the same remains wholly unsatisfied, and plaintiff has made application to said court for writs of scire facias to revive said judgment; that the defendants, William N. Baker, Fred C. Pierce and Wilke Carter, have not within affiant's knowledge or within the knowledge of plaintiff property in their possession within this state, subject to execution, sufficient to satisfy such judgment; that the garnishment applied for is not sued out to injure either the defendants or the garnishee, Skelly Oil Company, and that affiant has reason to believe and does believe that the said Skelly Oil Company, Garnishee, which is a foreign corporation, licensed to do business in Texas, with an office and local agent in the person of J. C. Quigley, located and residing in Ft. Worth, Tarrant County, Texas, is indebted to the defendant, Wilke Carter."

On the same day the affidavit was filed, appellant also filed a bond in the sum of $2,600 in proper form and conditioned as provided for a bond filed for a writ of garnishment ancillary to a suit for debt. By virtue of said affidavit and bond, a writ of garnishment was issued to be served upon Skelly Oil Company, of Tarrant county. After the writ had been served and returned, Wilke Carter, the judgment debtor, intervened and filed his motion to quash the affidavit and writ of garnishment, and as grounds therefor alleged:

"Now come Wilke Carter, one of the defendants in the judgment rendered in Cause No. 9778, entitled Continental Supply Company v. Wilke Carter et al., in this court, and for answer in this suit No. 13,412 says: That the affidavit for garnishment in this Cause filed May 9th, 1928, is insufficient in law to authorize issuance of a Writ of Garnishment in this Cause, because said affidavit for Garnishment shows on its face that the judgment rendered in Cause No. 9778, under which and from which this Writ of Garnishment is applied for, was a dormant judgment at the time the said affidavit for garnishment was filed and at the time the Writ of Garnishment was issued in this Cause and at the time the same was served on the garnishee, Skelly Oil Company, and being a dormant judgment at such time and is now a dormant judgment, is insufficient to support or authorize the affidavit for garnishment and the Writ issued thereunder.

"Wherefore, the defendant Wilke Carter prays that the same be quashed and held for naught and that the affidavit and Writ of Garnishment issued thereunder be held by the Court void and that this Cause be dismissed, and that defendant recover his costs herein."

This motion was granted by the court, and the garnishment dismissed at plaintiff's cost, and from this judgment of dismissal appellant has perfected an appeal.

There are two assignments of error. The first assignment presents that the appellee had no standing in court to invoke the action sought by said motion, because he had filed no replevy bond in garnishment. The question of law raised by this assignment is whether, in a garnishment suit, the defendant in the main suit has the right to intervene and set up the dormancy of the judgment against him upon which the garnishment is based. In disposing of this assignment, we must regard appellant's writ of garnishment as being based upon the original judgment. It has been held by our Supreme Court that the garnishee cannot urge this defense. White v. Casey, 25 Tex. 552. The basis of this decision seems to be that such defense is in the nature of an attack upon the judgment, and a garnishee, being a stranger thereto, cannot attack it. Article 4094, R. S. 1925, confers the right on the defendant in the main case to become a party to a garnishment suit. Having the right to become such party and being a party to the

original judgment, his pleading that the original judgment had become dormant would not be an attack by a stranger. We cannot understand how his right to urge this defense would be in anywise affected by his giving or failing to give a replevy bond. The effect of giving such bond is to substitute the defendant for the garnishee and cast upon such defendant the responsibility of making his own defenses. In construing article 279, R. S. 1911, which is brought forward in the Revision of 1925 as article 4084, the Amarillo Court of Civil Appeals, in the case of Wasson v. Harris, 209 S. W. 758, held that the right of a defendant to intervene in a garnishment suit and urge defenses available to the garnishee exists only when he has replevied the garnished property. We are not called upon in this case to construe that article, for the reason that the defense here urged by the defendant is not one which the garnishee could make. White v. Casey, supra. Neither article 4084, R. S., nor the case of Wasson v. Harris, supra, is therefore authority for the contention here presented.

█ This court held, in Carlton v. Hoff, 292 S. W. 642, that the defendant could enjoin proceedings under writs of garnishment based upon a dormant judgment. We do not think this remedy by injunction is exclusive. The effect of so holding would be that a defendant who was unable to furnish an injunction bond would have no remedy to prevent the unlawful taking of his property under a garnishment based upon a dormant judgment. Such holding would be contrary to the spirit of the law. Assignment No. 1 will be overruled.

█ But we are of the opinion that the trial court erred in sustaining the motion and dismissing the writ. This proceeding was not at all a garnishment based upon a judgment as such, but was a proceeding ancillary to a suit on debt. Appellant had instituted proceedings in the form of a scire facias to revive its dormant judgment, and ancillary to its suit to revive made affidavit and bond for garnishment. The writ was issued, not upon the dormant judgment, but upon the action to revive, which was an action for debt. In the absence of a bond, the writ would not have been authorized, but, with the affidavit and bond as a basis, we think the writ clearly authorized.

We do not regard this as an open question in our state. In the case of Coleman v. Zapp et al., 105 Tex. 491, 151 S. W. 1040, our Supreme Court held that an attachment could be issued ancillary to an action of scire facias to revive a dormant judgment. In that opinion the following language appears: "Though dormant and its revival was sought by scire facias, it was nevertheless a debt. Slaughter v. Owens, 60 Tex. 671. While the technical judgment upon a scire facias to revive a judgment is ordinarily only that execution issue, effect should be given to the substance of the proceeding rather than its form. As the judgment was a debt, the proceeding to revive it was nothing more nor less than a suit for debt, and the attachment was accordingly authorized. As early as Bullock v. Ballew, 9 Tex. 498, it was recognized that an action to revive a judgment is substantially an action of debt." That language applies to a garnishment proceeding with equal force as to an attachment.

Our opinion in the case of Carlton v. Hoff, supra, is cited by appellee in support of the judgment of the trial court in dismissing this proceeding. We did not intend for that opinion to be so interpreted, and thought we had clearly indicated in the opinion the extent of the holding. We granted an injunction staying further proceedings under writs of garnishment based upon a dormant judgment and enjoined the further issuance of writs based upon said judgment so long as same remained dormant, and remanded the cause, but in doing so we used this language: "Without prejudice, however, to the right of appellees to revive the original judgment, or to have any proper process issued in connection with the proceedings to revive." In thus entering that order, we had in mind that appellees might desire to institute scire facias proceedings to revive the judgment, and worded the order in such way as that it would not be interpreted as an injunction against their right to issue a writ of garnishment or attachment as ancillary to such proceedings.

In the instant case appellant has followed the course approved by the Supreme Court in the case of Coleman v. Zapp, supra, and it is our opinion that the trial court erred in dismissing the garnishment proceeding.

The judgment of the trial court will therefore be reversed, and the cause remanded for trial on its merits.