**PRODUCERS ASSOCIATION OF SAN ANTONIO, INC., Appellant,**

v.

**C. V. LEMMON et al., Appellees.**

**No. 3629.**

Court of Civil Appeals of Texas.

Eastland.

June 9, 1961.

Frank D. Masters, San Antonio, for appellant.

Ralph E. Cadwallader, San Antonio, for appellees.

WALTER, Justice.

This is a garnishment suit. C. V. Lemmon and A. O. Schupback recovered a judgment against Harold S. Nelson for $863.14. In reply to a writ of garnishment served on it by Lemmon and Schupback, Producers Association of San Antonio, Inc., hereinafter referred to as Producers, answered it was indebted to Nelson in an amount in excess of the judgment.

In a nonjury trial Lemmon and Schupback recovered a judgment against Producers. Producers has appealed, contending the court erred in overruling its motion to quash the writ of garnishment because the application and affidavit for garnishment did not describe the parties plaintiff and that it erred in holding that the judgment rendered in the original case of Lemmon and Schupback against Nelson was a valid judgment. We find no merit in such contentions and affirm the judgment.

The application for the writ of garnishment alleges that C. V. Lemmon and A. O. Schupback are plaintiffs. A. O. Schupback signed and swore to the application for the writ. The application clearly shows that he was one of the plaintiffs in the original suit. Either of the plaintiffs, or any authorized agent, could have made the application and affidavit. See Patton v. Crisp & White et al., Tex.Civ.App., 11 S.W.2d 826, (Writ Dis.).

In the case of C. V. Lemmon and A. O. Schupback v. Harold S. Nelson, Lemmon and Schupback filed a motion for a summary judgment and Nelson did not by motion, exception or otherwise point out to the court any defect, omission or fault in the affidavit or pleadings of the plaintiffs. Nelson filed a motion for a continuance, which was overruled, and an order granting Lemmon and Schupback a summary judgment was entered. This order has all of the essential requirements of a valid judgment. The chief distinction between a void judgment and a valid judgment is the lack of jurisdiction in the court that rendered the judgment. 25 Tex.Jur., page 698. Producers' point that the summary judgment is void because of defective pleadings is overruled.

Judgment affirmed.